**Ronald NMN JOHNSTON,
Plaintiff–Appellant,**

v.

**UNITED STATES of America,
Defendant–Appellee.**

No. 91–1641.

United States Court of Appeals,
Fifth Circuit.

March 5, 1992.

---

Andrea R. Cassem, Brian Eberstein & Assoc., Dallas, Tex., for defendant-appellant.

Paula Mastropieri–Billingsley, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Dallas, Tex., for defendant-appellee.

Before THORNBERRY, KING and DEMOSS, Circuit Judges.

PER CURIAM:

Johnston sued the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, alleging negligence in the medical treatment he received from a V.A. hospital. He filed his complaint on the day before the six-month limitations period expired, but did not serve the United States Attorney until three days later. The United States filed a motion to dismiss arguing that Johnston's failure to serve the United States Attorney within the statutory time period constituted a jurisdictional defect. The district court agreed and dismissed the case. The government now concedes that this was error. We agree and vacate the district court's judgment.

As urged to do by the government, the district court relied on dicta in our unpublished opinion in *Wilson v. United States,* 920 F.2d 930 (5th Cir.1990). The language relied on suggested that in order for a suit against the United States to be timely, the plaintiff must serve "notice" prior to the expiration of the statutory period. The issue of timely service was not presented in *Wilson.*[1] The case cited by *Wilson* dealt with relation back under Rule 15(c) in the situation where the plaintiff mistakenly sues an agency (there, the Postal Service) rather than the United States. *See Vernell v. United States Postal Serv.,* 819 F.2d 108, 110–11 & n. 2 (5th Cir.1987). *Wil-*

*son*'s stray language did not and could not change the law in this area.

The case before us does not involve a relation-back issue. Johnston filed his complaint, naming the United States as defendant, with the district court prior to the expiration of the statutory period, thereby commencing a suit in accordance with Rule 3. Fed.R.Civ.P. 3 ("A civil action is commenced by filing a complaint, with the court."). "This suit was begun ... when the [complaint] was filed in court in good faith." *Bates Mfg. Co. v. United States,* 303 U.S. 567, 572, 58 S.Ct. 694, 696, 82 L.Ed. 1020 (1938) (where plaintiff filed complaint on the last day of the limitations period, and accomplished service within four days thereafter). Johnston timely served the United States within the terms of Rule 4. Fed.R.Civ.P. 4(j) (120 days after filing complaint to accomplish service).

At oral argument, the court requested that the United States Attorney confirm that the Department of Justice advocated dismissal of Johnston's suit as time-barred under the Federal Tort Claims Act. On the advice of the Department, the United States has abandoned its position in this appeal, and now asks that we vacate the district court's judgment. Since the district court's order incorrectly stated the law, we VACATE the district court's judgment, and REMAND this case for reinstatement on the docket. Costs shall be taxed against the United States of America.[2]

---

1. We decided *Wilson* based on the fact that the argument on appeal had not been raised before the district court. *See United States v. Garcia-Pillado,* 898 F.2d 36, 39 (5th Cir.1990).

2. Johnston requests that this court recommend to the district court that it consider ordering the United States to reimburse Johnston for his reasonable attorneys' fees incurred in pursuing this appeal. We leave to the district court the initial decision whether, on motion of Johnston, to award attorneys' fees.