**Marcy Sherelle JENKINS, Plaintiff,**

v.

**SANDOZ PHARMACEUTICALS CORPORATION, a Delaware Corporation, Sandoz Ltd., a Swiss Corporation, Sandoz Pharma Ltd., a Swiss Corporation, and John Does One Through Ten, Defendants.**

**No. 1:97CV62–D–A.**

United States District Court,
N.D. Mississippi,
Eastern Division.

May 9, 1997.

Ronnie L. Jones, Jr., Law Offices of Bennie L. Jones, Jr. & Associates, West Point, MS, Steven W. Saccocia, Kellogg, Saccocia & Sigelman, Atlanta, GA, for plaintiff.

William F. Goodman, III, Watkins & Eager, Jackson, MS, Linda S. Comer, Hall & Evans, L.L.C., Denver, CO, for defendant.

### MEMORANDUM OPINION

DAVIDSON, District Judge.

This cause comes before the court upon the motion of the plaintiff to remand this action to the Circuit Court of Lee County, Mississippi. The defendants removed this case from state court on February 28, 1997. The plaintiff followed with her motion to remand on March 27, 1997, and this issue has since been fully briefed by all parties. The court finds the motion well taken and shall grant it.

### DISCUSSION

### I. GENERAL PRINCIPLES

The burden is on the defendant to prove federal jurisdiction exists over the state court suit. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921)). Due to the significant federalism concerns removal raises, courts should strictly construe the removal statute. *Carpenter*,

44 F.3d at 365–66 (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809, 106 S.Ct. 3229, 3233, 92 L.Ed.2d 650 (1986); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)). Further, all doubts must be resolved in favor of remand. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.1979).

Actions may be removed to the appropriate district court where the court would have had original jurisdiction had it first been filed there instead of state court. 28 U.S.C. § 1441(a); *Caterpillar v. Williams*, 482 U.S. 386, 391–92, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); *Merkel v. Federal Express Corp.*, 886 F.Supp. 561, 564 (N.D.Miss.1995). "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'" *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed.R.Civ.P. 12(h)(3)). No federal question jurisdiction has been asserted by the defendants. Instead, the issue in dispute is whether the defendants timely removed this action under 28 U.S.C. § 1446(b) on the basis of diversity jurisdiction.

### II. PROCEDURAL HISTORY

The plaintiff filed her initial Complaint in the Circuit Court of Chickasaw County,[1] Mississippi on February 6, 1996, naming as defendants Sandoz Ltd., Sandoz Pharmaceutical Corp., John Doe Distributing Corp., Dr. Mark Kellum, North Mississippi Medical Center ("NMMC") and John Does one through ten. Plaintiff's Exh. A; Defendants' Exh. A. At the time the Complaint was filed and all other times relevant to the resolution of this motion, the plaintiff and defendants Kellum and NMMC were citizens and residents of the State of Mississippi. Summonses for service of process for Kellum, NMMC, and Sandoz Pharmaceutical Corp. issued on

---

1. The Circuit Court judge later transferred venue to the Circuit Court of Lee County, Mississippi by

order dated August 5, 1996. Plaintiff's Exh. B.

April 9, 1996, and for Sandoz Ltd. on June 7, 1996. Defendants' Exh. A. Defendant Sandoz Ltd., however, was never served with the original Complaint.[2] By order dated August 26, 1996, the state court granted the plaintiff's motion to extend time to complete service and to amend her Complaint. The plaintiff filed her Amended Complaint on September 3, 1996, and added Sandoz Pharma Ltd. as a defendant. The parties do not dispute that all defendants were served with the Amended Complaint.

After deposing defendant Kellum on January 21, 1997, the plaintiff agreed to dismiss Kellum and NMMC from this action. Plaintiff's Exh. L. The parties executed a Stipulation of Dismissal With Prejudice as to Kellum on February 18, 1997, and as to NMMC on February 28, 1997. After the dismissal of these two non-diverse defendants, the remaining defendants filed a Notice of Removal on February 28, 1997, stating that this court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446. The plaintiff filed her motion to remand to state court on March 27, 1997, and the defendants have timely responded.

## III. WAS REMOVAL PROPER?

Section 1332 provides that

[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,[3] exclusive of interest and costs, and is between—

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties. . . .

28 U.S.C. § 1332(a). When a plaintiff files an action in state court over which a district court otherwise could have exercised original jurisdiction, such action may be removed by the defendant or defendants "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). When the district court's original jurisdiction is premised on diversity of citizenship, the removal statute imposes the further restriction that none of the removing parties "properly joined and served as defendants [may be] a citizen of the State in which such action is brought." Id. § 1441(b).

Due to the presence of resident defendants Kellum and NMMC in this action when it was first filed in state court, diversity of citizenship did not exist at that time and this court could not have exercised original jurisdiction over the action. However, with the dismissal of those defendants, the remaining parties' citizenship became completely diverse. The defendants then removed, pursuant to section 1446 which provides:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

2. Sandoz Ltd., a Swiss corporation, declined to acknowledge service pursuant to the Mississippi Rules of Court and the plaintiff thus had to proceed through international channels pursuant to the Hague Convention. Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965 (Hague Convention), [1969] 20 U.S.T. 361, T.I.A.S. No. 6638.

3. By congressional action, the amount in controversy requirement was increased from $50,-000.00 to $75,000.00. However, this increase of the jurisdictional amount applies only to cases

filed on or after January 17, 1997. *See* Federal Courts Improvement Act of 1996, § 205, Pub. L.No. 104–317, 110 Stat. 3847, 3850 (1996). This action was not commenced in federal court until it was removed on February 28, 1997; however, it was actually filed in state court on February 6, 1996. Thus, a question could exist as to which jurisdictional limit applies. Because the plaintiff has not disputed the defendants' assertion that the amount in controversy exceeds $75,-000.00, the court need not address this potential contention.

28 U.S.C. § 1446(b) (emphasis added). In her motion to remand, the plaintiff asserts that even though complete diversity now exists, the defendants improperly removed the action on February 28, 1997, because more than one year had elapsed after she filed her original Complaint on February 6, 1996. The defendants counter that the action was not actually commenced until April 9, 1996, when the plaintiff served the first summonses. In the alternative, they submit that the plaintiff's Amended Complaint filed on September 3, 1996, actually began a new action. Under either theory of the defendants, the February 28, 1997, removal falls within the one year limitation. As a final argument, the defendants contend that the one-year proscription against removal on the basis of diversity is a procedural rule subject to waiver, estoppel and other principles of equity which should apply in this action to prevent the plaintiff from asserting the one-year time limitation contained in the removal statute.

### A. Commencement of an Action

 The statute provides that removal may not be accomplished more than one year subsequent to the *commencement* of an action. 28 U.S.C. § 1446(b). This court must thus determine when an action actually "commences." Federal Rule of Civil Procedure 3 sets out that "[a] civil action is commenced by filing a complaint with the court." Fed. R.Civ.P. 3. The Mississippi Rules of Court also provide a similar definition. Miss. R.Civ.P. 3 ("A civil action is commenced by filing a complaint with the court."). From the unambiguous language provided by these procedural rules, there appears to be no question that an action "commences" upon the filing of a complaint, and not when the summonses issue.[4] Our sister court in the Southern District of Mississippi also ad-

dressed this issue in a similar removal context and reached the same conclusion. *Morrison v. National Ben. Life Ins. Co.*, 889 F.Supp. 945, 948 & n. 2 (S.D.Miss.1995) (declining to adopt reasoning set forth in *Greer v. Skilcraft*, 704 F.Supp. 1570 (N.D.Ala.1989) cited by defendants); *see also TLI, Inc. v. United States*, 100 F.3d 424, 427 (5th Cir. 1996); *Johnston v. United States*, 955 F.2d 19, 20 (5th Cir.1992) (holding statute of limitations satisfied by filing of complaint within statutory period even though service of process not issued until after expiration of period); *Antoine v. United States Postal Serv.*, 781 F.2d 433, 436 (5th Cir.1986). This court is of the opinion that an action commences upon the filing of a complaint. Under this reasoning, the defendants removed this action outside the one-year limitation period unless the plaintiff's filing of the Amended Complaint actually commenced a new action.

### B. Commencement of New Action—Revival of Removal Right

 Alternatively, the defendants contend that the plaintiff's Amended Complaint substantially changed the nature of the lawsuit and thus "revived" the defendants' right to removal. Defendants' Brief at 6 (citing *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 966 (7th Cir.1982), *cert. denied*, 459 U.S. 831, 103 S.Ct. 70, 74 L.Ed.2d 70 (1982)). *Wilson* is the seminal case setting out the parameters for when a defendant's right to removal is revived. 668 F.2d at 965–66. In that case, decided prior to the statutory amendment to § 1446(b) which incorporated the one-year limit for diversity cases,[5] the Seventh Circuit affirmed an exception to the statutory provision setting out that a removable case filed in state court must be removed within thirty

---

**4.** The defendants contend that the action did not commence until April 9, 1996, when the plaintiff first made a bona fide attempt to serve process. Defendants' Brief at 5 ("Clearly, plaintiff had no intention of effecting service at the time of filing the complaint; therefore, the action was not 'commenced' at that time."). However, civil procedure rules do not require that the summonses issue simultaneously with the filing of a complaint. In fact, the rules provide for service up to 120 days after the complaint is filed. Fed. R.Civ.P. 4(m); Miss.R.Civ.P. 4(h). The plaintiff

issued summonses for the original defendants within this 120–day window. The defendants' actions contributed to any delay in service by their refusal to acknowledge service by mail and insist upon service through more tedious and time-consuming diplomatic channels. The court is not persuaded by the defendants' argument on this point.

**5.** Judicial Improvements and Access to Justice Act, Pub.L. 100–702, 102 Stat. 4642 (1988).

days of receipt of the complaint or it is not thereafter removable. *Id.;* § 1446(b). The articulated exception allows removal in a situation "where the plaintiff files an amended complaint that so changes the nature of his action as to constitute 'substantially a new suit begun that day.'" *Wilson,* 668 F.2d at 965 (citing *Fletcher v. Hamlet,* 116 U.S. 408, 410, 6 S.Ct. 426, 426–27, 29 L.Ed. 679 (1886)). The Seventh Circuit further held that no verbal talismans exist for defining when the right to remove revives; each case must be decided on its own facts.[6] *Id.* at 965–66 (holding plaintiff's addition of federal claims did not sufficiently alter nature of case so as to justify revival).

Several cases have since discussed the *Wilson* exception, reaching different conclusions. In *Burke v. Atlantic Fuels Marketing Corp.,* for example, the district court concluded that the 1988 amendment rejected the rule set out by *Wilson* and its progeny by clearly setting a one-year time limitation for cases removable by virtue of diversity of the parties. 775 F.Supp. 474, 476–77 (D.Mass.1991). The court first noted that the action before it was removable at the time it was filed; in other words, the suit could have initially been brought in federal court. By its terms, the second paragraph of § 1446(b), which contains the one-year limitation, applies only if "the case stated by the initial pleading is not removable." 28 U.S.C. § 1446(b).

> The result is a neat paradox. An action that cannot be removed when filed but becomes removable thereafter may only be removed within one year after the case is filed; yet, under the line of cases cited by defendant (including *Wilson*), an action that can be removed by the defendant at the outset can also be removed at *any* later time (if the plaintiff radically changes the cause of action).

*Burke,* 775 F.Supp. at 476. The court resolved this interpretational conundrum by considering § 1446(b) as a whole to

> allow a defendant to remove an action to federal court within thirty days, unless the ground for removal appears after the initial pleading, in which case the defendant may remove the action within thirty days of the appearance of the ground for removal so long as, in diversity cases, the petition for removal is filed within a year of the initial pleading.

*Id.* The *Burke* Court simply applied the one-year limitation period to cases initially removable and those made removable by a subsequent pleading or other document. In this way, the *Wilson* exception presents no possible conflict with § 1446(b).

The district court for the Middle District of Florida also had occasion to visit the *Wilson* exception. *Essenson v. Coale,* 848 F.Supp. 987, 989–90 (M.D.Fla.1994). In this case, the court determined that the case as initially filed in state court was not removable. *Essenson,* 848 F.Supp. at 989. In interpreting *Wilson,* the court noted that the exception applied only to cases which were initially removable but the defendants waived their right to remove. *Id.* at 990. The exception came into play when the plaintiff amended a pleading or other document to substantially change the nature of the action. In that event, the right to remove was *revived. Id.* Where a defendant had no right to remove because the initial pleading failed to indicate a ground for such, no *revival* of the right to remove could take place. *Id.* As such, the court held *Wilson* inapplicable.

In the case at bar, the undersigned faces a similar situation. This action, when initially filed in state court, was not removable due to

---

**6.** Neither party directed the court's attention to any controlling Fifth Circuit authority on the issue of revival and the court's own research unearthed no such explicit holding. An early decision, however, could be read to imply agreement with the argument tendered by the defendants. In *Cliett v. Scott,* the plaintiffs filed their original suit in 1947 in state court where the defendants answered and filed a cross-claim. 233 F.2d 269, 270–71 (5th Cir.1956). In 1951, the plaintiffs filed an amended petition and the defendants removed the action to federal court.

The district court denied the plaintiffs' motion to remand and the Fifth Circuit affirmed, holding that "though a defendant has submitted himself to state court jurisdiction on one cause of action, this does not prevent his removing the cause when an entirely new and different cause of action is filed." *Cliett,* 233 F.2d at 271. Because the plaintiffs' amended petition constituted "an entirely new and different suit," the court held the defendants' right to remove "revived." *Id.* As with *Wilson,* however, this opinion was issued many years prior to the 1988 amendment.

the presence of two resident defendants. As such, this court agrees with the reasoning of the *Essenson* opinion that there exists no right to removal which the plaintiff's Amended Complaint could *revive.* Furthermore, the Amended Complaint itself named the two resident defendants which defeated diversity jurisdiction in the original Complaint. Therefore, the Amended Complaint alone may not in any event constitute such a pleading as would revive the defendants' removal right, had such a right previously existed.[7]

In any event, had the *Wilson* exception applied in this case, the court finds that it would offer no relief to the defendants. After reviewing both the original Complaint and the Amended Complaint, the court is of the opinion that the Amended Complaint did not substantially change the allegations contained in the original Complaint nor add new allegations sufficient to support a finding that a new action had been commenced with its filing. Furthermore, the addition of Sandoz Pharma Ltd. as a defendant in the Amended Complaint similarly does not so substantially alter the Complaint so as to justify such a finding. Although the Amended Complaint is much more thorough, and thus more lengthy, than the original Complaint, the substance of the plaintiff's claims—namely, products liability and negligence—remains the same.

> [C]ourts have recognized that "a willingness to remain in a state court to litigate a particular claim should not be interpreted as a willingness to remain in a state court to adjudicate a different claim." *See* 14A Wright, Miller, and Cooper, § 3732 at 525–26. The question in this case becomes, then, whether the addition of the [defendant and the expansion of the plaintiff's claims] either provided a new basis for removal or substantially altered the nature of the suit.

*Potty Pals, Inc. v. Carson Financial Group, Inc.,* 887 F.Supp. 208, 210 (E.D.Ark.1995) (citing *Pearson v. Gerber Prods. Co.,* 788 F.Supp. 410, 412 (W.D.Ark.1992)). Because the Amended Complaint did not substantially alter the lawsuit, no removal right would have been revived had it existed in the first instance. Thus, the defendants' removal of this action on the basis of diversity was untimely as it fell outside the statutory prohibition against removal after an action has been pending in state court over one year.

## C. *Section 1446(b): Procedural or Jurisdictional?*

As a final argument, the defendants contend that the Fifth Circuit has recognized that the one-year limit of § 1446(b) is procedural and not jurisdictional,[8] and thus subject to equitable considerations. Defendants' Brief at 7. Although there is a split of authority as to this issue,[9] controlling Fifth Circuit authority has deemed the provision procedural. *Barnes v. Westinghouse Elec. Corp.,* 962 F.2d 513, 516 (5th Cir.1992) (holding one-year limit expressed in § 1446(b) "merely modal and formal and may be waived."). However, the appellate court has not extended its decision to a situation such as that faced by the court today. *See Ventana Investments v. 909 Corp.,* 65 F.3d 422, 425 n. 7 (5th Cir.1995) (citing *Barnes* with approval). In *Barnes,* the plaintiff argued for remand more than twenty months subsequent to the removal on the basis that the defendant removed the diversity action outside the one-year limitation period. *Barnes,* 962 F.2d at 514–16. The court held that Barnes had waived his right to object pursuant to § 1447(c). *Id.* at 516. That section provides that "[a] motion to remand the case on the basis of any defect in removal procedure must be made *within 30 days* after the

---

**7.** The defendants perhaps intended to argue that the Amended Complaint in conjunction with the dismissal of the resident defendants constituted such a pleading.

**8.** In her rebuttal brief, the plaintiff submits that the Supreme Court has definitively spoken on this issue in a recent opinion. *Caterpillar, Inc. v. Lewis,* 519 U.S. ——, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). After reviewing the decision, the undersigned is not convinced that the high court

specifically holds that the one-year limitation period is jurisdictional as the plaintiff contends. Irrespective of its exact interpretation, the *Caterpillar* opinion does not impinge upon the final ruling as to this motion.

**9.** *See Kinabrew v. Emco–Wheaton, Inc.,* 936 F.Supp. 351, 352 nn. 1, 2 (M.D.La.1996) (citing cases).

filing of the notice of removal." 28 U.S.C. § 1447(c) (emphasis added). In distinguishing between removal jurisdiction and original or subject matter jurisdiction, the court noted that §§ 1446(b) and 1447(c) are procedural provisions as they reference defects which do "not go to the question of whether the case originally could have been brought in federal district court." *Barnes*, 962 F.2d at 516 (citing *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir.), *cert. denied*, 502 U.S. 963, 112 S.Ct. 430, 116 L.Ed.2d 449 (1991); *In re Shell Oil Co.*, 932 F.2d 1518, 1522–23 (5th Cir.1991), *cert. denied*, 502 U.S. 1049, 112 S.Ct. 914, 116 L.Ed.2d 814 (1992)). As such, the court held that since "Barnes did not move for rehearing on his motion to remand based on a procedural defect until approximately twenty months after Westinghouse's removal, we find that he waived his opportunity to call this procedural defect to the district court's attention." *Id.*

In subsequent cases, the Fifth Circuit has reiterated, without extending, its holding in *Barnes* that a plaintiff waives her right to object to a procedural defect in removal if she files her motion for remand outside the thirty-day time limit imposed by statute for such motions. 28 U.S.C. § 1447(c). In *In re Digicon Marine, Inc.*, the defendant attempted to remove a non-removable maritime claim. 966 F.2d 158, 159–60 (5th Cir. 1992). The Fifth Circuit held, however, that remand was improper because the plaintiff filed her motion more than thirty days after the filing of notice of removal. *In re Digicon Marine*, 966 F.2d at 160. "Because we have held that all removal defects are waivable except for lack of original subject matter jurisdiction, the defect here was waivable." *Id.* (citing *Baris*, 932 F.2d at 1545). The court similarly followed this waiver rule in *Williams v. AC Spark Plugs* where the plaintiff again waited more than thirty days after removal to object. 985 F.2d 783, 786–88 (5th Cir.1993). The court held that she had thus waived her right to remand. *Williams*, 985 F.2d at 788. In each case where the Fifth Circuit has held the plaintiff waived the right

to remand, the holding has hinged on the plaintiff's failure to comply with the thirty-day time limit for such motions. *Id.* at 786–88 (discussing *Lirette v. N.L. Sperry Sun, Inc.*, 820 F.2d 116, 117 (5th Cir.1987) (en banc), *In re Shell Oil Co.* and *Baris*); *see also Barnes*, 962 F.2d at 516.

In the case sub judice, the plaintiff filed her motion to remand within thirty days of the notice of removal. Thus, under existing Fifth Circuit law, the plaintiff has not waived her right to object to any procedural defect in removal—the defect in this action being the removal of a diversity action more than one year after it was commenced. Some district courts, however, have expanded the holding in *Barnes* and have applied equitable considerations to estop a plaintiff from arguing that removal is untimely as outside the one-year limitation. *Kinabrew*, 936 F.Supp. at 353, *Morrison*, 889 F.Supp. at 950–51. In *Morrison*, for example, the plaintiffs engaged in forum manipulation by falsifying the amount of damages sought. 889 F.Supp. at 949. One year and seven days after the action was commenced, the plaintiffs filed a motion to amend their complaints to request an amount considerably more than the jurisdictional limit. *Id.* at 947. The defendants removed and the plaintiff filed a motion to remand based on the untimeliness of the removal notice. *Id.* Noting the deceitfulness of the plaintiffs' actions, the district court concluded that "the cases at bar cry out for a denial of Plaintiffs' Motion to Remand, because of their obvious attempt to manipulate the forum." *Id.* at 951.[10] The court thus retained jurisdiction.

The district court in *Kinabrew* similarly applied principles of equity to disallow remand. 936 F.Supp. at 352–53. In that case, the plaintiff delayed service of process until after a year passed since the commencement of the action. *Id.* The court found that the plaintiff failed to demonstrate good faith for the delinquent service and, in seeking "to alleviate the abuses and inequities caused by the imposition of the one-year limitation on

---

**10.** The *Morrison* Court duly noted, however, that "the Fifth Circuit has not addressed directly the waiver of the one year time limit of section 1446(b) in a case where Plaintiffs engage in an obvious attempt to manipulate statutory rules for determining federal jurisdiction." 889 F.Supp. at 950.

removal where, as in the case at bar, the plaintiff attempts to manipulate the forum by withholding service on the defendants until more than one year after the suit was filed in state court," the court denied remand. *Id.* at 353. However, in recognizing the silence of the Fifth Circuit on this issue as did the *Morrison* Court, the *Kinabrew* Court certified the issue for resolution pursuant to 28 U.S.C. § 1292(b). Unfortunately, this court's research indicated no further action was taken with regard to this case.[11]

 With all due respect, the court disagrees with the holdings of *Morrison* and *Kinabrew*. The statutory language is unambiguous in providing that no diversity case may be removed more than one year after commencement of the lawsuit. 28 U.S.C. § 1446(b). Although the Fifth Circuit has recognized an exception to this limitation by way of waiver, the exception is narrowly tailored and based on statutory construction. Section 1447(c) provides that a motion to remand must be made within thirty days after the filing of the notice of removal if the basis for remand is any defect in the removal procedure. The Fifth Circuit has enlarged upon that restriction by noting that the failure to comply with the thirty-day limit constitutes a waiver of any procedural defect. That has been the limit of the appellate court's expansion and this court declines the defendants' invitation to proceed any further outside the statutory language. *See Martine v. National Tea Co.,* 841 F.Supp. 1421, 1422 (M.D.La.1993) (noting that "it is for the Congress and not this Court to rewrite the provisions of section 1446(b) to curb ... abuses."). The plaintiff timely filed her motion to remand pursuant to § 1447(c) setting forth the procedural removal defect and the motion shall be granted.

 Even had this court adopted the analysis set out in *Morrison* and *Kinabrew*, the facts of this case do not lend themselves to a finding that the plaintiff should be equitably estopped from arguing for remand on the basis of the one-year limitation. The defendants contend that the plaintiff demonstrated bad faith by delaying dismissal of the two local defendants until more than one year after filing the Complaint. Defendants' Brief at 8. Apparently, the only evidence of such alleged bad faith, besides the temporal inconvenience, is the fact that the plaintiff received no consideration for dismissing the two with prejudice. The plaintiff submits that she agreed to dismiss defendants Kellum and NMMC after she deposed them and realized suit should not be continued as against them.[12] She also provided record evidence memorializing her attempts to set up the depositions as early as September 4, 1996. Plaintiff's Exh. H. Due to scheduling conflicts, they were not taken until January 21, and 22, 1997. Plaintiff's Exh. A, B att. Plaintiff's Brief. After the testimony was transcribed and counsel reviewed it, the plaintiff executed dismissals for NMMC and Kellum on February 6, 1997. Plaintiff's Exh. L. Final stipulations of dismissal as to both defendants were filed in state court on February 28, 1997. The plaintiff also provided the court with excerpts of the deposition testimony which led her, along with counsel, to conclude that suit should not proceed against the local defendants. From this record evidence, the court is unable to find that the plaintiff acted in bad faith in either scheduling the depositions of the local defendants or dismissing them after reviewing the transcribed testimony. The plaintiff would thus not be estopped from asserting the one-year time limitation as a procedural removal defect even if this court adhered to the analysis of the district courts.

## IV. COSTS AWARDED

 The plaintiff also seeks an award of costs and expenses pursuant to 28 U.S.C. § 1447(c) which states that "[a]n order remanding the case *may* require payment of just costs and any actual expenses, including

---

11. Although the issue was certified and the case sent to the Fifth Circuit, that court granted the motion of Emco Wheaton, Inc. to dismiss the appeal. *Kinabrew v. Emco–Wheaton, Inc.,* Cause No. 96–30758 (5th Cir. Oct. 30, 1996) (Order Granting Motion to Dismiss Appeal).

12. Furthermore, the plaintiff and her counsel were under a duty to dismiss the two defendants after determining that the plaintiff's claims as against them were not meritorious. Fed.R.Civ.P. 11.

attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). Central to the determination of whether to allow a fee award is the "propriety of the defendant's removal." *Miranti v. Lee,* 3 F.3d 925, 928 (5th Cir.1993). The court need not find that the defendant acted in bad faith or in a "vexatious, wanton, or oppressive" manner. *News–Texan, Inc. v. City of Garland,* 814 F.2d 216, 220 (5th Cir. 1987); *Allstate Ins. Co. v. Ford Motor Co.,* 955 F.Supp. 667, 670 (W.D.La.1996) (quoting *Penrod Drilling Corp. v. Granite State Ins. Co.,* 764 F.Supp. 1146, 1147 (S.D.Tex.1990)). The decision to award costs lies within the court's discretion.

In this case, the court exercises its discretion in favor of awarding to the plaintiff all costs and expenses, including attorney's fees, incurred as a result of the defendants' removal. This action should never have been removed from state court. The court does not criticize the defendants' use of the diverse legal theories submitted in support of retention of jurisdiction. However, the facts of this case do not support the various arguments that removal is proper, specifically the defendants' contention that (1) this action did not commence until the plaintiff made a bona fide effort to issue process; (2) the plaintiff's Amended Complaint revived the defendants' right to remove; and (3) the plaintiff should be equitably estopped from asserting the one-year limitation as a basis for remand. This court encourages the parties to utilize their best efforts to resolve the fee matter without further court intervention. If an amicable resolution cannot be reached, however, the plaintiff should submit to this court an itemized accounting of her costs and expenses incurred as a result of the removal.

### CONCLUSION

After a thorough review of the parties' briefs and the record evidence before the court, the undersigned finds that the plaintiff's motion to remand should be granted. This action commenced on February 6, 1996, when the plaintiff filed her Complaint in state court. Neither the Amended Complaint nor the dismissal of the resident defendants revived any right to removal. Al-

though the Fifth Circuit has held the one-year limitation period of 28 U.S.C. § 1446(b) is procedural, the plaintiff filed her remand motion within her thirty-day limit and did not waive her objections to removal. As such, the plaintiff timely brought the defect in the defendants' removal procedure to the court's attention and remand is proper.