**Joseph NAMEY and Dorothy Namey, wife, Plaintiffs,**

v.

**Wayne C. MALCOLM, Billy Love, Individually and t/a and d/b/a Billy Love Trucking Co., and Billy Love Trucking Co., Inc., Defendants.**

**Civil Action No. 3:07–CV–2082.**

United States District Court, M.D. Pennsylvania.

Jan. 15, 2008.

Matthew A. Cartwright, Munley, Munley & Cartwright, Plains, PA, for Plaintiffs.

Jeffrey E. Havran, Richard G. Fine, Fine, Wyatt & Carey, P.C., Scranton, PA, for Defendants.

## MEMORANDUM

RICHARD P. CONABOY, District Judge.

Here we consider Plaintiffs' Motion to Remand Pursuant to 28 U.S.C. § 1447(c). (Doc. 3.) With this Motion, Plaintiffs Joseph and Dorothy Namey ("Plaintiffs") seek to have this case remanded to the Luzerne County Court of Common Pleas on the basis that Defendants filed their Notice of Removal (Doc. 1) more than one year after the action was commenced with the filing of a Writ of Summons in the Luzerne County Court of Common Pleas on June 17, 2005. (Doc. 3.) Defendants filed their Notice of Removal (Doc. 1) on November 14, 2007, less than thirty (30) days after Plaintiffs filed their Complaint in state court on October 29, 2007. Therefore, the questions before us are whether Defendants timely filed their Notice of Removal pursuant to 28 U.S.C. § 1446 and, if not, whether equitable considerations weigh against remand. For the reasons that follow, we conclude remand of this case is appropriate.

### I. Background [1]

This case arises from an accident which occurred on December 1, 2003, in Hanover Township, Luzerne County, Pennsylvania,

---

1. Unless otherwise noted, the factual and procedural background facts are agreed upon by the parties and are derived from Plaintiff's Brief in Support of Their Motion to Remand Pursuant to 28 U.S.C. § 1447(c) (Doc. 4 at 1–

in which Plaintiff Joseph Namey allegedly sustained injuries. Plaintiff Joseph Namey was driving one vehicle involved in the accident and Defendant Wayne C. Malcolm was driving the other vehicle, a tractor trailer owned by Defendants Billy Love, individually and t/a and d/b/a Billy Love Trucking Co. and/or Billy Love Trucking Company, Inc. (Doc. 1–2.)

Plaintiffs commenced the action by filing a Writ of Summons in the Court of Common Pleas of Luzerne County on June 17, 2005. Defendants were served the Writ of Summons along with discovery requests by way of certified mail. On July 8, 2005, a Rule to File Complaint was served upon Plaintiffs. In response, Plaintiffs filed a motion to extend the time to file the complaint on July 21, 2005. Following the issuance of a court order on October 17, 2005, requiring Defendant to provide full and complete discovery within thirty (30) days, Defendants responded to Plaintiffs' discovery requests on November 14, 2005.

In December of 2005, Plaintiffs requested the deposition of Defendant Malcolm as part of pre-complaint discovery. On April 20, 2006, Plaintiff filed a Petition and Rule to Show Cause as to why Defendant Malcolm's deposition should not be taken before the filing of Plaintiffs' complaint. After a hearing on the issue, Judge Olszewski of the Luzerne County Court of Common Pleas issued an order on June 5, 2006, granting Plaintiffs' motion and compelling Defendant Malcolm's deposition. The deposition took place on June 29, 2006.

Plaintiffs filed the Complaint in this matter on October 29, 2007. Defendants filed their Notice of Removal on November 14, 2007, based on diversity of citizenship. (Doc. 1.) Plaintiffs filed the Motion to Remand we consider here on December 14,

2007. (Doc. 3.) Plaintiffs' Motion was accompanied by a supporting brief (Doc. 4) and Defendants filed their brief in opposition (Doc. 7) on January 3, 2008. On January 9, 2008, Plaintiffs filed their reply brief. (Doc. 8.) Therefore, this matter is fully briefed and ripe for disposition.

## II. Discussion

In considering this motion to remand, we keep in mind that the party asserting jurisdiction has the burden of showing the action is properly before the federal court. *See, e.g., Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 219 (3d Cir.2005). It is also widely recognized that the removal statutes are to be construed strictly against removal and all doubts resolved in favor of remand. *Id.; Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990) (citations omitted).

The statutory provision at issue here is 28 U.S.C. § 1446 which governs the procedure for removal. Specifically, § 1446(b) addresses the time for filing a removal action.

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or oth-

3) and Brief of Defendants ... in Opposition to Plaintiffs' Motion for Remand Pursuant to

28 U.S.C. § 1447(c) (Doc. 7 at 1–3).

er paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this titled more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

Plaintiffs argue remand is required in this case because Defendants filed their Notice of Removal more than one year after commencement of the action in violation of § 1446(b). (Doc. 3.) Defendants first maintain removal was timely because they removed the case within one year of the commencement of the action. (Doc. 7 at 4.) Defendants also argue that, if the Court does not find removal was timely, equitable considerations weigh in favor of remand. (*Id.*) Finally, Defendants assert that federal question jurisdiction may arise based on allegations of negligence related to provisions of the Code of Federal Regulations and the Federal Motor Carrier Safety Act. (Doc. 7 at 5.) We will discuss each of these bases for denial of Plaintiffs' motion in turn.

### A. Timely Filing of Notice of Removal

The basis of Defendants' position that they complied with the provision in 28 U.S.C. § 1446(b) that a case be removed from state court within one-year of the commencement of the action is that they filed the Notice of Removal within fifteen (15) days of the filing of the Complaint and Rule 3 of the Federal Rules of Civil Procedure provides "[a] civil action is commenced by filing a complaint with the court." (Doc. 7 at 4.) Citing *Jenkins v. Sandoz Pharmaceuticals Corp.*, 965 F.Supp. 861 (N.D.Miss.1997), Defendants also note "[v]arious Federal Courts have found that an action commences upon the filing of a complaint." (Doc. 7 at 4.)

The problem with Defendants's position is that Rule 3 of the Federal Rules of Civil Procedure governs the commencement of an action in *federal court* and this action commenced in state court—the Pennsylvania Court of Common Pleas. The governing federal statute, 28 U.S.C. § 1446, references the commencement of the action in state court, not in federal court. Therefore, the dispositive consideration is when the action commenced in state court. Rule 1007 of the Pennsylvania Rules of Civil Procedure governs the commencement of an action in the Court of Common Pleas: "An action may be commenced by filing with the prothonetary (1) a praecipe for a writ of summons, or (2) a complaint."

Under Pennsylvania law, Plaintiffs commenced this action on June 17, 2005, with the filing of a Writ of Summons in the Luzerne County Court of Common Pleas. Defendants' assertion that "Federal Courts have found that an action commences upon the filing of a complaint" (Doc. 7 at 4) may be an accurate statement for cases filed in states where the state procedural rules are consistent with the federal rule for commencement of an action, but this is not the case in Pennsylvania. In *Jenkins*, the case cited by Defendants (Doc. 7 at 4), the action was removed from Mississippi state court where the Mississippi Rules of Court provide that "[a] civil action is commenced by filing a complaint with the court." *Jenkins*, 965 F.Supp. at 865 (*quoting* Miss. R. Civ. P. 3). As discussed above, the Pennsylvania rules differ from the federal rules regarding commencement of an action. Thus, *Jenkins* provides no support for Defendants' argument that this action was commenced by the filing of Plaintiffs' Complaint in the Luzerne County Court of Common Pleas.[2]

---

**2.** We recognize that the "initial pleading" referred to in § 1446 is the plaintiff's complaint.

*Murphy Bros., Inc. v. Michetti Pipe Stringing,*

■ Based on lack of support for their proposition that this case commenced with the filing of Plaintiffs' Complaint on October 29, 2007, Defendants cannot succeed on their corollary argument that they filed the Notice of Removal within the one-year statutory period. Here the action commenced with the filing of the Writ of Summons on June 17, 2005, and, pursuant to 28 U.S.C. § 1446(b), Defendants had one year from that date to remove the case to federal court. Defendants filed their Notice of Removal on November 14, 2007—long after the one year permitted by statute. Therefore, remand is appropriate on the basis that Defendants did not timely file their Notice of Removal.

## B. Equitable Exception to One–Year Limitation Period

Defendants next argue that equitable considerations warrant denial of Plaintiffs' Motion to Remand if the Court accepts Plaintiffs' argument that removal occurred outside the one-year period allowed by section 1446(b). (Doc. 7 at 4.)

■ We agree with Defendants that the Third Circuit Court of Appeals has found the one-year deadline procedural rather than jurisdictional. (Doc. 7 at 3) *(citing Ariel Land Owners, Inc. v. Dring,* 351 F.3d 611 (3d Cir.2003).) Even though the Third Circuit has not specifically addressed whether there are equitable exceptions to the one-year limitation on removal, it appears exceptions may be appropriate because courts are allowed to take equitable exceptions to procedural bars. However, assuming equitable exceptions allowable, we are not persuaded the equities weigh in favor of retaining jurisdiction in this case.

In the cases cited by Defendants in support of their argument (Doc. 7 at 4), the courts found intentional conduct on the part of the plaintiffs to circumvent removal. In *Kinabrew v. Emco–Wheaton, Inc.,* 936 F.Supp. 351, 353 (M.D.La.1996), the court characterized the plaintiff's conduct as "flagrant forum manipulation." *Saunders v. Wire Rope Corp.,* 777 F.Supp. 1281, 1285 (E.D.Va.1991), found plaintiffs had attempted to "devise[ ] a gameplan for circumventing removal." In *Tedford v. Warner–Lambert Co.,* 327 F.3d 423, 424 (5th Cir.2003), the Fifth Circuit Court of Appeals upheld the district court's conclusion that equitable exception to the one-year limitation period in § 1446(b) was appropriate where the plaintiff had engaged in forum manipulation.

■ A review of the procedural history in the Luzerne County Court of Common Pleas does not demonstrate similar conduct on the part of Plaintiffs in this case. Moreover, the record indicates Defendants are partly responsible for the delay in proceedings in state court and did not use all procedural devices available to facilitate compliance with the one-year requirement of § 1446(b). For example, the court had to intervene in discovery matters and order Defendants' compliance on at least two occasions. (Doc. 3 ¶¶ 4, 5.) Procedurally, Defendants could have requested the court to order Plaintiffs to file their complaint by a certain date and did not do so. According to Defendants' own time-line, Defendants' requests to file the complaint were informally made to Plaintiffs. (Doc. 7 at 5.) Further, of the five reported requests, four were made after the one-year period had elapsed. (*Id.*)

---

*Inc.,* 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999); *Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 223 (3d Cir.2005). However, "commencement of the action" is a different consideration, and Defendants have

not cited any authority which would support the proposition that an action is commenced in Pennsylvania with the filing of a complaint. (*See* Doc. 7.)

Because 28 U.S.C. § 1446 is to be construed strictly against removal and all doubts resolved in favor of remand, we conclude Defendants have not met their burden of demonstrating sufficient culpability on the part of Plaintiffs to warrant waiver of the one-year limitation period.

### C. Federal Question Jurisdiction

Defendants' final argument in support of federal jurisdiction is that Plaintiffs' Complaint "alleges various allegations of negligence ... for violation of various provisions of the Code of Federal Regulations and the Federal Motor Carrier Safety Act, all of which are federal statutes and/or regulations. Based upon such allegations, arguably federal question jurisdiction would arise in this matter pursuant to 28 U.S.C. 1331." (Doc. 7 at 5.)

Federal question cases are those actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citation omitted). While the incorporation of a federal standard in a state-law cause of action may present a federal question, "[t]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 813, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); *see also Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.,* 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005).

Here Defendants do not provide any support for their assertion that "arguably federal question jurisdiction would arise in this matter pursuant to 28 U.S.C. 1331." (Doc. 7 at 5.) This statement falls far short of the requirement that the removing party bear the burden of establishing that jurisdiction in federal court is proper. *See Boyer,* 913 F.2d at 111. Further, because all doubts must be resolved in favor of remand, *id.,* Defendant's scant federal-question argument cannot defeat remand of this case.

### III. Conclusion

For the reasons discussed above, Defendants have not met their burden of establishing that jurisdiction in this court is proper. Therefore, Plaintiffs' Motion to Remand Pursuant to 28 U.S.C. § 1447(c) is GRANTED. An appropriate Order follows.

### ORDER

AND NOW, THIS 15th DAY OF JANUARY 2008, FOR THE REASONS DISCUSSED IN THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' Motion to Remand Pursuant to 28 U.S.C. § 1447(c) (Doc. 3) is GRANTED;

2. This case is REMANDED to the Luzerne County Court of Common Pleas;

3. The Clerk of Court is directed to close this case.