**Graham B. SPANIER, Appellee**

v.

**Louis J. FREEH and Freeh Sporkin & Sullivan, LLP, Appellants.**

Superior Court of Pennsylvania.

Argued May 21, 2014.

Filed June 30, 2014.

Elizabeth K. Ainslie, Philadelphia, for appellee.

BEFORE: PANELLA, J., LAZARUS, J., and JENKINS, J.

OPINION BY PANELLA, J.

Appellants, Louis Freeh and Freeh Sporkin & Sullivan, LLP (collectively "Freeh Sporkin"), appeal from the trial court's order to stay the filing of the complaint filed by Appellee, Graham B. Spanier, until the completion of Spanier's criminal proceedings. Freeh Sporkin contends that the trial court erred in ordering the stay as it stripped them of their right to remove the case to federal court. Furthermore, Freeh Sporkin argues that we have jurisdiction to hear this appeal because the trial court's stay order "is a collateral order appealable under Pennsylvania Rule of Appellate Procedure 313." Appellants' Brief, at 1.

We disagree with Freeh Sporkin and find that the trial court's order does not qualify as a collateral order and therefore, this Court lacks jurisdiction to review the trial court's order to stay the filing of the complaint. As such, we dismiss this case for lack of jurisdiction.

On July 12, 2012, Freeh Sporkin released a report ("the Report") detailing the actions of the Pennsylvania State University concerning the child abuse perpetrated by Gerald A. Sandusky. The Report stated that Dr. Spanier concealed critical facts about the Sandusky scandal from the authorities. Following publication of the Report, Spanier was criminally charged for endangering the welfare of children, perjury, obstruction of justice, criminal conspiracy, and failure to report sexual assault. Presently, Spanier's criminal proceedings have not been scheduled for trial, but the trial is anticipated to take place within a year's time.

On July 11, 2013, Dr. Spanier filed a praecipe for a writ of summons to initiate a defamation action against Freeh Sporkin, and Pepper Hamilton, LLP. A writ was issued on the same day and later reissued by request of Plaintiff on August 2, 2013. An amended writ was subsequently issued, dropping Pepper Hamilton, LLP from the instant action.

Freeh Sporkin filed a praecipe to file complaint pursuant to Pa.R.Civ.P. 1037(a) and a Rule was issued by the prothonotary on the same day. Spanier then filed a

motion to stay the civil proceedings, requesting a stay be granted in the above-mentioned action until the criminal charges against him were resolved. The trial court granted the stay on February 25, 2014, holding that the Spanier satisfied the six-factor balancing test set forth in *In re Adelphia Communications Sec. Litig.*, 2003 WL 22358819 (E.D.Pa.2003), and *Anderson v. Scott*, 2011 WL 10795429 (C.P. Lawrence 2011).

After the February 25 order, Freeh Sporkin filed an emergency motion for reconsideration, which the trial court denied. This timely appeal followed.

■ Before turning to the merits of the matter before us, we must determine if we have appellate jurisdiction in this matter. An order issuing a stay within an action or proceeding is usually considered interlocutory and not appealable absent a statute, which renders the stay immediately appealable. *See Washington v. FedEx Ground Package System, Inc.*, 995 A.2d 1271, 1275 (Pa.Super.2010). Among other exceptions, the appeal of a grant of a motion to stay civil proceedings is appealable and within our jurisdiction if it satisfies the collateral order doctrine pursuant to Pa.R.A.P. 313. *See Melvin v. Doe*, 575 Pa. 264, 836 A.2d 42, 46 (2003); *Ben v. Schwartz*, 556 Pa. 475, 729 A.2d 547, 550 (1999).

■ Rule 313 states:

(a) General rule. An appeal may be taken as of right from a collateral order of an administrative agency or lower court.

(b) Definition. A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313. Our case law has made it clear that all three prongs of the rule must be satisfied in order to qualify as a collateral order for our review. *See Melvin*, 836 A.2d at 46. The collateral order doctrine is "a specialized, practical application of the general rule that only final orders are appealable as of right." *Id.* (quoting *Geniviva v. Frisk*, 555 Pa. 589, 725 A.2d 1209, 1214 (1999)). As such, this Court must stringently apply the requirements of the collateral order doctrine. *See id.; see also Rae v. Pennsylvania Funeral Directors Ass'n*, 602 Pa. 65, 977 A.2d 1121, 1126 (2009). Absent the satisfaction of all three prongs of the collateral order test, this Court has no jurisdiction to consider an appeal of an otherwise non-final order. *See Commonwealth v. Kennedy*, 583 Pa. 208, 876 A.2d 939, 943 (2005).

We begin with the first prong of the collateral order doctrine. Our Supreme Court has noted that

a claim is sufficiently separate from the underlying issues for purposes of collateral order review if it is conceptually distinct from the merits of the plaintiff[']s claim, that is, where even if practically intertwined with the merits, it nonetheless raises a question that is significantly different from the questions underlying plaintiff's claim on the merits.

*Pridgen v. Parker Hannifin Corp.*, 588 Pa. 405, 905 A.2d 422, 433 (2006) (internal quotation marks and citation omitted).

■ An appeal from an order to stay civil proceedings can be heard without reaching the merits of the underlying claim. *See Sew Clean Drycleaners & Launders, Inc. v. Dress for Success Cleaners, Inc.*, 903 A.2d 1254, 1258 (Pa.Super.2006). The issue of the trial court's order to stay the filing of the complaint

can be decided without reaching the merits of Spanier's defamation cause of action. Therefore, the first prong of the collateral order doctrine is satisfied.

■ We now turn to our analysis of the second prong of the collateral order doctrine. In order to satisfy the second prong of the collateral order doctrine, it is not sufficient that the issue be important to the particular parties. *See Melvin,* 836 A.2d at 47. Rather, the issue must involve rights deeply rooted in public policy going beyond the particular litigation at hand. *See Ben,* 729 A.2d at 552.

■ Here, Freeh Sporkin assert that the trial court's order to stay the civil proceedings infringes upon the right of a defendant to remove civil proceedings from state court to federal court. The Appellants contend that this is an important public right that warrants our review of this matter. The longstanding right of removal to federal court was first established by the Judiciary Act of 1789. *See Wis. Dep't of Corrs. v. Schacht,* 524 U.S. 381, 386, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998). This right was designed and deeply rooted in public policy to protect out-of-state litigants from local prejudice and extends to all non-resident litigants. *See Landsman & Funk PC v. Skinder–Strauss Assocs.,* 640 F.3d 72, 89 (3d Cir.2011); *see also Grassi v. Ciba–Geigy, Ltd.,* 894 F.2d 181, 185 (5th Cir.1990) ("Congress has created diversity jurisdiction and the right of removal under 28 U.S.C. § 1441 for the purpose of protecting non-resident litigants from local prejudice."). In light of this history, it is a recognized statutory right presumed to exist for all civil actions provided that the federal court had original jurisdiction to hear the matter. *See Caterpillar v. Lewis,* 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). It is clear from federal case law that a defendant's statutory right of removal is too

important to be denied review. Therefore, the second prong of the collateral order doctrine is satisfied.

■ Lastly, we must examine if the instant matter satisfies the third prong of the collateral order doctrine. We conclude that it does not.

■ The third prong requires us to examine whether the claim would be *irrevocably lost* if review were postponed until final judgment. *See Melvin,* 836 A.2d at 47. In *Melvin,* a case dealing with a defamation action against an anonymous source, our Supreme Court determined that the right to prevent the disclosure of the appellant's identity would be irreparably lost if the order compelling the disclosure of appellant's identity was not reviewed until final judgment. *See id.* at 50. Because there was no other means to cure the disclosure of an anonymous identity without review of the matter, the Supreme Court concluded that the appellant would have suffered irreparable harm if not given the immediate right of appeal. *See id.*

In the instant matter, we must now determine if the order to stay the filing of the complaint totally and irreparably harms Freeh Sporkin's right to remove these proceedings to federal court. We find that the case law in the United States Court of Appeals for the Third Circuit and District Court of the Middle District of Pennsylvania is instructive in determining if Freeh Sporkin suffer irrevocable harm as the applicable standards of these courts concerning removal would be applied at the time of attempted removal to federal court. Upon careful review of the Third Circuit's precedent, and precedent from the Middle District of Pennsylvania, we find that the trial court's order to stay the filing of the complaint does not irreparably infringe upon Freeh Sporkin's removal rights.

The applicable federal removal statute states, in relevant part:

(c)(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 (28 U.S.C. § 1332 (2012)) more than 1 year after commencement of the action, unless the discretion court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446(c)(1) (2012).

The Middle District of Pennsylvania has consistently interpreted the § 1446(c)(1) one-year limit to be an absolute bar running from the date of commencement of the action. Applying Pa.R.Civ.P. 1007, the date of commencement is determined by the plaintiff's filing date of his writ of summons or complaint. *See Namey v. Malcolm*, 534 F.Supp.2d 494, 497 (M.D.Pa. 2008). It does not matter if the complaint were not the initial pleading filed in the Pennsylvania court.

■■■ However, while there is a one-year limit on removal to federal court, the one-year requirement of removal is procedural and therefore subject to equitable considerations. *See Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 614 (3d Cir. 2003); *Donato–Cook v. State Farm Fire & Cas. Co.*, 2009 WL 2169168 at *6 (M.D.Pa. July 20, 2009).

■■■ Pursuant to equitable considerations, the Middle District is more likely to extend the one-year time limit when a defendant has asserted his rights under Pa.R.Civ.P. 1037(a) by timely filing a praecipe compelling the plaintiffs to file a complaint and where the plaintiff evidences bad faith. *See Penn Patio Sunrooms, Inc. v. Ohio Cas. Ins. Co.*, No. 3:08–CV–0120, 2008 WL 919543, at *3 (M.D.Pa. Mar. 31, 2008); *Namey*, 534 F.Supp.2d at 498. The defendant's failure to timely file a praecipe

greatly contributes to the district court's unwillingness to extend the equitable exception to untimely removals. *See Kowalski v. PBM Logistics, LLC*, 2012 WL 3890249, at *15 (M.D.Pa. Aug. 6, 2012); *Penn Patio*, 2008 WL 919543, at *3; *Namey*, 534 F.Supp.2d at 498. The rationale of this policy is easily discernable: a defendant who actively protects his rights has a better chance of receiving equitable treatment.

In *Donato–Cook*, the Middle District considered applying the equitable exception to the one-year requirement after a Pennsylvania court stayed the filing of the complaint. *See* 2009 WL 2169168, at *2. The Middle District concluded that the defendant's action in timely filing a praecipe weighed in favor of granting the exception. *See id.* at *8 However, the Middle District ultimately decided not to grant the exception because it concluded that the plaintiff did not act in bad faith by engaging in forum manipulation even though defendants timely filed a praecipe. *See id.*

To determine if the order of February 25, 2014, satisfies the third prong of the doctrine, we need not predict how the federal district court is going to rule on allowing the removal, but only assess whether or not there is a possibility that Freeh Sporkin's right of removal still exists if they file for removal after the one-year time period set forth in § 1446(c)(1). If there is such a possibility, then postponing this review until final judgment will not have irrevocably harmed Freeh Sporkin's claim. Thus, Freeh Sporkin's argument would fail the third prong of the collateral order doctrine. In order for Freeh Sporkin to maintain the possibility of removal by enforcing the equitable exception in federal court Freeh Sporkin must have 1) filed a timely praecipe and 2) have the ability to assert an argument that the

plaintiff acted in bad faith by trying to engage in forum manipulation.

We first note that the one-year time period requiring filing a petition or motion of removal will eventually elapse.[1] Because the trial court ordered the complaint to be stayed until the completion of Spanier's criminal proceedings, which have not been scheduled until next year, it is clear the complaint will be filed after the one-year time requirement set forth in § 1446(c)(1).[2] Even so, the trial court's order to stay the filing of the complaint does not cut off Freeh Sporkin's federal right to remove this action into federal court. As noted in *Donato–Cook*, the federal court can waive the one-year time requirement if circumstances permit the district court to apply the equitable exception to the rule.

 In light of the fact that Freeh Sporkin have already asserted their rights under Pa.R.Civ.P. 1037(a), Appellee argues that the federal court will have the option of utilizing the equitable exception and waive the one-year time period. Furthermore, as the record indicates, Freeh Sporkin has a number of bad faith arguments against Spanier to assert in federal court should they choose to remove this case once it becomes removable. Freeh Sporkin, as they have already asserted in the trial court, can argue that Spanier has acted in bad faith by not filing the complaint even though Spanier has already drafted it. *See* N.T. 1/7/2014 at 31. Furthermore, Freeh Sporkin also argue that Spanier was acting in bad faith in this proceeding as evidenced by the fact that Spanier has already filed a civil suit in federal court against Attorney General Kane refuting the basis for the criminal charges which overlaps with Spanier's pending criminal proceedings.[3]

Our holding is limited. We do not hold that Spanier is acting in bad faith by engaging in forum manipulation. That is a matter outside of our review, and a matter for the federal court to decide should Freeh Sporkin attempt to remove the case to federal court at a later date. We only hold that Freeh Sporkin have bad faith arguments to make in federal court should they choose to exercise their right of removal. Because Freeh Sporkin have established the two factors that the Middle District uses to weigh in favor of granting the equitable exception to the one-year time requirement set forth in § 1446(c)(1), they have not suffered irrevocable harm from the trial court's order.

Therefore, because there is a possibility that the right of removal is still preserved following the one-year time limitation, we must conclude that their right of removal is not *irrevocably* lost, and therefore the

---

1. As indicated in *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 747 (3d Cir. 1995), removal is proper when the initial papers filed to commence the civil action establishes the statutory requirements pursuant to 28 U.S.C. § 1332 (2012) for diversity jurisdiction and would enable the court to have original jurisdiction. In the present matter, the writ of summons gives no indication of the amount of controversy in this defamation action, and therefore does not establish the amount in controversy requirement pursuant to § 1332. As such, Freeh is presently not able to remove this case to federal court. Federal jurisdiction will be ascertainable upon the filing of Spanier's complaint as it will establish the amount in controversy.

2. The one-year requirement set forth in § 1446(c)(1) will expire in this case on July 11, 2014.

3. This court can take judicial notice of court filings to the extent that a party has taken advantage of the judicial process. *See Commonwealth v. Greer*, 866 A.2d 433, 435 (Pa.Super.2005). The civil complaint can be found at Dkt. No. 11 *Spanier v. Kane*, No. 1:14–cv–00599 (M.D.Pa. Mar. 31, 2014).

order of February 25, 2014 is not classified as a collateral order. Unlike *Melvin*, where the identity of the appellant would have been disclosed and anonymity irrevocably lost if not for the appeal to prevent disclosure, here, Freeh Sporkin's claim will not be irrevocably lost as the federal court may apply the equitable exception to the one-year time requirement to file for removal into federal court.

In conclusion, the trial court's decision to stay the civil proceedings fails to satisfy the three-prong test to invoke the exception to review collateral orders on appeal. Therefore, this court does not have jurisdiction to review this matter before us.

Appeal dismissed. Jurisdiction relinquished.

Judgment Entered.