J-A01027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CAROLE THACKRAY-TADLEY AND WALTER THACKRAY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| WTA REAL ESTATE MANAGEMENT COMPANY, WOODHAVEN INVESTMENT TRUST COMPANY, THACKRAY, INC., SOUTH JERSEY EQUIPMENT RENTAL AND REPAIR, INC., ORTHODOX STREET PROPERTIES, LLC, JAMES THACKRAY, COMLY STREET, LLC, CHARTER ROAD REALTY, LLC, BUENA BUSINESS PARK, LLC AND 7777 BREWSTER, LLC | : | No. 1664 EDA 2022 |
| _____ | : | |
| CAROLE THACKRAY-TADLEY AND WALTER THACKRAY | : | |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES THACKRAY, WTA REAL ESTATE MANAGEMENT COMPANY, WOODHAVEN INVESTMENT TRUST COMPANY, THACKRAY, INC., SOUTH JERSEY EQUIPMENT RENTAL AND REPAIR, INC., ORTHODOX STREET PROPERTIES, LLC, COMLY STREET, LLC, CHARTER ROAD REALTY, LLC, BUENA BUSINESS PARK, LLC AND 7777 BREWSTER, LLC | : | |

Appeal from the Order Entered April 26, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  200500722,
210202061

J-A01027-23

BEFORE: LAZARUS, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED MAY 16, 2023**

Appellants Carole Thackray-Tadley and Walter Thackray appeal from the order granting the motion to compel filed by Appellee WTA Real Estate Management Co., et al (collectively Appellees). Appellants argue that the trial court erred in granting Appellees' motion to compel discovery because there are alternative sources for the information sought and the order in question failed to adequately protect Appellants' privacy rights. Following our review, we vacate and remand for further proceedings.

The trial court summarized the underlying facts of this matter as follows:

Thackray Crane Rental ("TCR") is a family-owned business that operates a crane rental company. TCR made investments in commercial properties for the purposes of storing its equipment and created single purpose entities to hold title to the properties with TCR as the tenant. [Appellants], percentage owners of [] TCR and the single purpose entities, bring case captioned ***Thackray et. al. v. WTA Real Estate Management, et. al.***, 2005-722 to dissolve [Appellees,] WTA Real Estate Management Realty, LLC ("WTA") and Orthodox Street Properties, LLC ("OSP") alleging breaches of fiduciary duty, oppression, illegality, mismanagement, incompetence, disregard for affairs and corporate formalities, failing to act in the best interests of the companies and owners and failing to fulfill the entities stated purpose. Additionally, [Appellants] bring case captioned ***Thackray et. al. v. Thackray, et. al.***, 2102-2061 against their four siblings and entities alleging breach of contract, breach of fiduciary duty, shareholder oppression, illegality, mismanagement, and disregard for corporate form.

- 2 -

In these actions, [Appellants] alleged that a 1033 Exchange[1] made in connection with a condemnation of property owned by OSP by the city of Philadelphia in 2012 is flawed. In discovery, [Appellees] propounded discovery on [Appellants] seeking copies of their personal income tax returns for the years 2012, 2015[,] and 2018, and any other year in which [Appellants] made any reports relating to the condemnation and/or 1033 Exchange. The production of [Appellants'] 2012, 2015[,] and 2018 tax returns was the subject of prior discovery practice as evidenced by this court's orders dated April 14, 2021, July 21, 2021, and November 16, 2021.

On December 21, 2021, [Appellants] served supplemental responses and objections to [Appellees'] first set of requests for production of documents and objected to producing the tax returns for [Appellants] for the years 2012, 2015[,] and 2018 on the grounds that the requests sought "confidential, personal, financial information." On March 25, 2022, [Appellees] filed a motion to compel the production of the tax returns and requested sanctions. [Appellants] filed a response in opposition and on April 26, 2022, the court heard oral argument. After hearing the parties' arguments and reviewing the parties' papers, the court on April 26, 2022[,] granted [Appellees'] motion to compel and ordered [Appellants] to provide their income tax returns for the years 2012, 2015[,] and 2018 within ten days of docketing the order. Additionally, the court ordered that [Appellants] provide all tax information related to reporting to the IRS and ordered that all production was confidential and for attorneys' eyes only.

Trial Ct. Op., 8/15/22, at 2-3 (footnotes omitted).

_____

1 The term "1033 Exchange" refers to an exchange of property under Section 1033 of the Internal Revenue Code. *See* 26 U.S.C. § 1033. Under certain circumstances, Section 1033 allows taxpayers to defer tax liability on a property that is involuntarily converted due to destruction or loss of the property through casualty, theft, or condemnation action pursuant to government powers of eminent domain, and the resulting compensation from such destruction or condemnation. *See* 26 U.S.C. § 1033(a).

Appellants subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellants' claims.

On appeal, Appellants raise the following issues:

1. Whether the trial court erred in entering an order compelling the production of personal tax returns where the information sought is available from other sources, including deposition?

2. Whether the trial court erred in entering an order which compels the production of individuals' tax returns and other tax information but allows opposing counsel to use those tax returns in separate actions against the individuals and in other business disputes against the individuals?

Appellants' Brief at 9.

Before addressing Appellants' claims, we must determine whether the trial court's discovery order is appealable. It is well settled that questions concerning the appealability of an order implicate our jurisdiction. *See Jacksonian v. Temple Univ. Health Sys. Found.*, 862 A.2d 1275, 1279 (Pa. Super. 2004). Generally, an appeal to our Court lies only from a final order. *See Barak v. Karolizki*, 196 A.3d 208, 215 (Pa. Super. 2018); *see also* 42 Pa.C.S. § 742). A final order is any order that "disposes of all claims and of all parties[.]" Pa.R.A.P. 341(b)(1). "Generally, discovery orders are deemed interlocutory and not immediately appealable, because they do not dispose of the litigation." *McIlmail v. Archdiocese of Phila.*, 189 A.3d 1100, 1104 (Pa. Super. 2018).

However, an order is appealable if it satisfies the requirements for an appealable collateral order under Pa.R.A.P. 313. This Court has held that the collateral order doctrine applies when an order "1) is separable from and collateral to the main cause of action; 2) involves a right too important to be denied review; and 3) presents a question that, if review is postponed until final judgment in the case, the claim will be irreparably lost." *In re Bridgeport Fire Litigation*, 51 A.3d 224, 230 n.8 (Pa. Super. 2012) (citation omitted). "Absent the satisfaction of all three prongs of the collateral order test, this Court has no jurisdiction to consider an appeal of an otherwise non-final order." *Spanier v. Freeh*, 95 A.3d 342, 345 (Pa. Super. 2014) (citation omitted).

### Separable Claim

"For the first prong of the analysis under Pa.R.A.P. 313(b), a court must determine whether the issue(s) raised in the order are separable from the central issue of the ongoing litigation." *Bogdan v. American Legion Post 153 Home Assoc.*, 257 A.3d 751, 755 (Pa. Super. 2021) (citation omitted). "[I]f the resolution of an issue concerning a challenged trial court order can be achieved independent from an analysis of the merits of the underlying dispute, then the order is separable for purposes of determining whether the order is a collateral order pursuant to Rule 313." *Commonwealth v. Kennedy*, 876 A.2d 939, 943 (Pa. 2005) (citations omitted).

Here, the trial court's discovery order is separable from the main cause of action because it is possible to address the discoverability of Appellants'

individual tax returns without analyzing the parties' underlying claims regarding the dissolution of the single-purpose entities, Appellees' alleged breach of fiduciary duty, or the validity of the 1033 property exchange by OSP. *See Kennedy*, 876 A.2d at 943. Therefore, we conclude that the order compelling Appellants to produce their individual tax returns is separable from and collateral to the underlying cause of action. *See Bogdan*, 257 A.3d at 755. Accordingly, the order satisfies the first prong, and we proceed to the second part of the test.

## Important Right

"Under the second prong, in order to be considered too important to be denied review, the issue presented must involve rights deeply rooted in public policy going beyond the particular litigation at hand." *Bogdan*, 257 A.3d at 755 (citation omitted). Further, this Court has explained that "[a]n issue is important if the interests that would potentially go unprotected without immediate appellate review of that issue are significant relative to the efficiency interests sought to be advanced by the final judgment rule." *Id.* (citation omitted).

Here, we conclude that Appellants fulfill the second prong, importance, because they have a significant privacy interest in their individual tax returns. *See Cabot Oil & Gas Corp. v. Speer*, 241 A.3d 1191, 1197 (Pa. Super. 2020) (concluding that a discovery order met the importance prong of the collateral order test because the defendants had "a significant privacy interest in their tax returns" (citations omitted)); *Dougherty v. Heller*, 138 A.3d 611,

629 n.10 (Pa. 2016) (*per curiam*) (reiterating that individuals have "privacy interest in information contained in federal tax returns. . . . Such information is made confidential per federal statute" (citations omitted)); ***J.S. v. Whetzel***, 860 A.2d 1112, 1117 (Pa. Super. 2004) (finding that a defense witness's privacy interest in the information contained in federal 1099 tax forms raised a "sufficiently important public policy concern" for purposes of the collateral order doctrine). Therefore, we will proceed to the third part of the collateral order test.

### Irreparable Harm

The third prong of the collateral order test concerns "whether a right is adequately vindicable or effectively reviewable, simply cannot be answered without a judgment about the value interests that would be lost through rigorous application of a final judgment requirement." ***Bogdan***, 257 A.3d at 756 (citation omitted).

Appellants meet the third prong, irreparable harm, because Appellants' privacy rights in their individual tax returns will be irreparably lost if review of this question is postponed until final judgment in this case. ***See Linde v. Linde***, 222 A.3d 776, 786 (Pa. Super. 2019) (concluding that the discovery order met the third prong of the collateral order doctrine because, "once [the defendants'] personal financial information has been disclosed to [the plaintiff], [the defendants'] privacy interests in that information will have been lost – and the action cannot be undone" (citation omitted)). Therefore, we conclude that the trial court's discovery order, directing Appellants to produce

their individual tax returns, is appealable under the collateral order doctrine. ***See Bogdan***, 257 A.3d at 755-56. Accordingly, we have jurisdiction to consider Appellant's claims on appeal.

## **Substantive Claims**

Both of Appellant's claims challenge the trial court's discovery order.[2] Specifically, Appellants argue that the trial court erred in compelling the production of personal tax returns where the information is available from other sources. Appellants' Brief at 4-7. Further, Appellants contend that the trial court's order failed to adequately protect Appellants' privacy rights and allows Appellees to use those records in separate actions unrelated to the instant litigation. ***Id.***

"In reviewing the propriety of a discovery order, we determine whether the trial court committed an abuse of discretion and, to the extent that we are faced with questions of law, our scope of review is plenary." ***Pasquini v. Fairmount Behav. Health Sys.***, 230 A.3d 1190, 1194 (Pa. Super. 2020) (citation omitted).

---

[2] Appellees argue that Appellants waived their challenges to the trial court's discovery order because Appellants raised these claims for the first time in their motion for reconsideration. ***See*** Appellees' Brief at 20-21. However, the record reflects that Appellants challenged the discoverability of their tax returns in their response to Appellees' motion to compel. ***See*** Appellants' Resp. in Opp'n to Appellees' Mot. to Compel, 4/8/22. Additionally, because the trial court did not issue a ruling at the hearing on Appellees' motion, Appellants had no basis to object to the discovery order at that time. ***See*** N.T. Hr'g, 4/26/22, at 14. Therefore, we conclude that Appellants preserved these issues by raising them before the trial court and in their motion for reconsideration after the trial court issued the order granting Appellees' motion.

Rule 4003.1 of the Pennsylvania Rules of Civil Procedure provides that, in general, "a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action[.]" Pa.R.Civ.P. 4003.1(a). Although parties have a significant privacy interest in their individual tax returns, this Court has stated that "the right to privacy . . . is not an unqualified one; it must be balanced against weighty competing private and state interests." *Cabot Oil*, 241 A.3d at 1200 (citation and quotation marks omitted). Further, this Court has explained that trial courts "can and should craft discovery orders that strike a proper balance between [a defendant's] privacy interests and the rights of other parties." *Id.*

Here, the trial court addressed the disclosure of Appellants' individual tax returns follows:

> As it relates to tax returns, public policy considers tax returns as confidential communications between the taxpayer and the government and thus favors their nondisclosure. Pennsylvania courts have outlined a two-part test to determine the discoverability of tax returns. The tax returns must be (1) relevant; and (2) a compelling need for such documentation must exist because the information is not available elsewhere. Here, [Appellants'] 2012, 2015[,] and 2018 tax returns are relevant and are not available elsewhere except from [Appellants].
>
> The tax returns ordered to be produced are [Appellants'] tax returns for the years 2012, 2015, and 2018, the relevant years associated with the 1033 Exchange as alleged in the complaints in this consolidated action. . . . [Appellants] allege that the transaction is flawed and by inference any benefits received by the members of OSP, [Appellants] and [Appellees], because of the 1033 Exchange are improper. While [Appellants] claim [Appellees] are already in possession of [information concerning] whether [Appellants] received a benefit from the 1033 Exchange since [Appellees] prepared the [K-1 tax forms] for [Appellants],

[Appellees] do not know what [Appellants] reported to the IRS. In fact, [Appellants] deny they received any benefit from the 1033 Exchange. Whether [Appellants] received a benefit from the 1033 Exchange is relevant and the information is only available in [Appellants'] 2012, 2015[,] and 2018 tax returns.

Trial Ct. Op. at 5-6.

Following our review of the record, we conclude that the trial court abused its discretion in ordering Appellants to produce their full individual tax returns for 2012, 2015, and 2018. *See Pasquini*, 230 A.3d at 1194. First, we disagree with the trial court's conclusion that Appellants' tax returns were the only source for information about the benefit Appellants received from the 1033 Exchange. Indeed, Appellees concede in their brief that such information could be obtained through alternative sources. *See* Appellees' Brief at 17-18. Additionally, although portions of Appellants' tax returns may have contained information concerning the 1033 Exchange, the trial court did not appear to weigh Appellees' right to that information with Appellants' privacy interest in their personal tax returns. *See Cabot Oil*, 241 A.3d at 1200. Indeed, the trial court could have structured the discovery order to provide Appellees with access to relevant information without undermining Appellants' right to privacy. *See id.* For these reasons, we vacate the trial court's discovery order and remand for further proceedings.

On remand, we direct the trial court to fashion an appropriate discovery order which will permit Appellees to obtain information specific to the 1033 Exchange, but which will protect the confidentiality of unrelated information contained in Appellants' personal tax returns. In crafting its discovery order,

the trial court shall consider whether information concerning the 1033 Exchange may be obtained from sources other than Appellants' individual tax returns. If the trial court concludes that it is necessary for Appellants to produce their individual tax returns, the trial court shall determine the method and manner in which Appellants' confidential information will be excised or redacted from the documents prior to production.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2023