**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MELANIE A. FETZER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN M. FETZER | : | |
| | : | |
| Appellant | : | No. 1706 MDA 2024 |

Appeal from the Order Entered November 7, 2024
In the Court of Common Pleas of Berks County Civil Division at No(s):
17-2408

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY NICHOLS, J.:          **FILED: APRIL 16, 2025**

Appellant Jonathan M. Fetzer (Father) appeals from the November 7, 2024 order,[1] which granted in part and denied in part Father's motion for reconsideration of the trial court's October 31, 2024 order[2] directing Father to order and pay for transcripts, including exhibits, of an evidentiary hearing on

---

[1] While the order giving rise to the instant appeal was dated November 6, 2024, the order was entered into the docket and sent to the parties on November 7, 2024.  The caption, therefore, reflects that the trial court's order giving rise to the instant appeal was filed on November 7, 2024.  ***See*** Pa.R.A.P. 108(a)(1).

[2] We note that Father's notice of appeal purports to appeal from both the October 31, 2024 and November 7, 2024 orders of the trial court.  ***See*** Father's Notice of Appeal, 11/19/24.  Because the trial court, in its November 7, 2024 order granted in part Father's motion to reconsider the October 31, 2024 order, the notice of appeal from the October 31, 2024 order is rendered inoperative.  ***See*** Pa.R.A.P. 1701(b)(3)(ii).  Accordingly, the caption shall only reflect that an appeal has been taken from the trial court's November 7, 2024 order.

Father's underlying motion requesting the trial court's recusal. After careful review, we quash Father's appeal.

The trial court set forth the following factual and procedural history:

This case involves an ongoing custody dispute between [Appellee Melanie A. Fetzer (Mother)] and [Father] relating to the custody of two (2) minor children—N.M.F., born in 2007 and A.V.F., born in 2009. This case has a lengthy and complex procedural history that began in February of 2017.

Relevant to the instant matter, this appeal presents the third docketed appeal in this case. The three (3) docketed appeals involved the filing of four (4) notices of appeal since August of 2024.

In early August of 2024, this Court found [Father] in contempt of court for eight (8) violations of court orders but did not immediately impose sanctions. On September 9, 2024, prior to the imposition of sanctions, [Father] filed a notice of appeal that was docketed at [Docket] No. 1273 MDA 2024. [The trial court] sent a letter to the Superior Court on September 10, 2024 notifying it that [the trial court] was concerned the appeal at [Docket] No. 1273 MDA 2024 was an impermissible interlocutory appeal.

On September 16, 2024, [Father] filed an amended notice of appeal to the case docketed at [Docket] No. 1273 MDA 2024. The amended notice of appeal included another interlocutory order that was several months old. Thereafter, on October 4, 2024, the Superior Court quashed the appeal docketed at [Docket] No. 1273 MDA 2024.

In the interim, on September 11, 2024, [the trial court] imposed sanctions upon [Father] for his violations of court orders. The order imposing sanctions was appealed and is docketed at [Docket] No. 1503 MDA 2024. . . .

[Father] did not challenge the issue of [the trial court's] partiality or otherwise seek the recusal of the [trial court] at any time prior to the imposition of contempt sanctions. Although it would still be untimely, [Father] did not challenge the issue of the [trial court's] partiality or otherwise seek the recusal of the [trial court] until his first concise statement of errors complained of on appeal filed in

the appeal docketed at [Docket] No. 1273 MDA 2024 on September 20, 2024, nine (9) days after the sanctions were imposed. As noted, that appeal has since been quashed.

Thereafter, on October 9, 2024, [Father] asked [the trial court] to recuse itself. Notably, [Mother] opposed the motion to recuse. The [trial court] allowed [Father] the opportunity to make an evidentiary record in support of the motion to recuse.

Following the recusal hearing, on October 31, 2024, the [trial court] ordered [Father] to obtain the hearing transcripts, inclusive of exhibits, and ordered the matter to be briefed. The order of October 31, 2024 read as follows:

AND NOW, this 31st day of [October] 2024, after a hearing having [been] held on [Father's] motion for recusal [the trial court] hereby ORDERS and DIRECTS as follows:

1. On or before November 4, 2024, [Father] shall submit a request to have the entirety of the hearing held on October 30, 2024, inclusive of exhibits, be transcribed and pay all appropriate fees and costs.

2. [Mother] is granted leave to obtain a copy of the hearing transcript upon payment [of] all appropriate fees and costs.

3. Within fourteen (14) days after the transcript has been lodged with the office of the prothonotary, [Father] shall file a brief in support of his position, in the format required by the Berks County Local Rules of Civil Procedure.

4. Within fourteen (14) days after being served with [Father's] brief as required by paragraph no. 3 of the order, [Mother] shall file a brief in support of her position, in the format required by the Berks County Local Rules of Civil Procedure.

5. The record shall remain open until the transcript is lodged and the parties have fully complied with paragraph nos. 3 and 4 of this order.

[Trial Ct. Order], 10/31/24.

On November 4, 2024, [Father] filed a motion for reconsideration of the October 31, 2024 order. In the reconsideration motion,

[Father] continued to assert his arguments relating to recusal and asked to be relieved of the requirement that he be required to obtain transcripts with exhibits.

On November [7], 2024, [the trial court] issued an order ruling on the reconsideration motion.  In that order, the [trial court] directed as follows:

> AND NOW, this [7]th day of November, 2024, upon consideration of [Father's] motion for reconsideration of order dated October 31, 2024 (hereinafter referred to as the "motion"), [the trial court] hereby ORDERS and DIRECTS that the motion is GRANTED IN PART and DENIED IN PART. The motion is granted to the extent necessary to grant [Father] leave until November 20, 2024 to submit a request for transcription.  In all other respects, the motion is denied.

[Trial Ct. Order], 11/[7]/24.

On November 19, 2024, [Father] filed an appeal to both the order of October 31, 2024 and the order of November [7], 2024.

Trial Ct. Op., 12/18/24, at 1-5 (formatting altered and footnotes omitted).

Father simultaneously filed a Pa.R.A.P. 1925(b) statement and a notice of appeal on November 19, 2024.  The trial court subsequently filed a Rule 1925(a) opinion addressing Father's claim.

Father raises the following issue for our review:

Whether the trial court abused its discretion by ordering that "[Father] shall submit a request to have the entirety of the hearing held on October 30, 2024, inclusive of exhibits, be transcribed and pay all appropriate fees and costs" when the cost of the transcript with exhibits is approximately three thousand dollars ($3,000.00) due to the exhibits, which consisted of: already transcribed transcripts, filed pleadings and the filed memorandum opinion in this case, a Berks County Rule of Civil Procedure and a Pennsylvania Rule of Civil Procedure, all of which are available to the parties, counsel for the parties and the trial court, without the need for reproduction.

Father's Brief at 2 (some formatting altered).

Before discussing the merits of Father's appeal, we must first determine whether the instant appeal is properly before us. This Court entered an order directing Father to show cause why his appeal should not be quashed because the October 31, 2024 and November 7, 2024 orders are not final orders pursuant to Rule 341(b)(1) of the Pennsylvania Rules of Appellate Procedure. Order, 12/6/24 (*per curiam*); **see also** Pa.R.A.P. 341(b)(1) (defining a final order for the purposes of appeal). Father timely filed a response, in which he conceded that the orders at issue were not final orders but that they are collateral orders that are subject to appeal as a matter of right. **See** Father's Answer to Order to Show Cause, 12/13/24, at 5 (unpaginated); **see also** Pa.R.A.P. 313(b) (defining collateral orders). On January 3, 2025, this Court entered an order discharging the order to show cause and deferring the issue to the merits panel. **See** Order, 1/3/25 (*per curiam*).

An order is appealable if it satisfies the requirements for an appealable collateral order under Pa.R.A.P. 313. This Court has held that the collateral order doctrine applies when an order "1) is separable from and collateral to the main cause of action; 2) involves a right too important to be denied review; and 3) presents a question that, if review is postponed until final judgment in the case, the claim will be irreparably lost." **In re Bridgeport Fire Litigation**, 51 A.3d 224, 230 n.8 (Pa. Super. 2012) (citation omitted). "Absent the satisfaction of all three prongs of the collateral order test, this Court has no jurisdiction to consider an appeal of an otherwise non-final

order." ***Spanier v. Freeh***, 95 A.3d 342, 345 (Pa. Super. 2014) (citation omitted).

"For the first prong of the analysis under Pa.R.A.P. 313(b), a court must determine whether the issue(s) raised in the order are separable from the central issue of the ongoing litigation." ***Bogdan v. American Legion Post 153 Home Ass'n***, 257 A.3d 751, 755 (Pa. Super. 2021) (citation omitted). "[I]f the resolution of an issue concerning a challenged trial court order can be achieved independent from an analysis of the merits of the underlying dispute, then the order is separable for purposes of determining whether the order is a collateral order pursuant to Rule 313." ***Commonwealth v. Kennedy***, 876 A.2d 939, 943 (Pa. 2005) (citations omitted).

Here, the trial court's orders directing Father to order and pay for transcripts and exhibits from the evidentiary hearing on Father's motion for recusal are separable from the main cause of action because it is possible to address the merits of Father's claim regarding the need to include exhibits with the hearing transcripts without analyzing Father's underlying claims regarding whether the trial court should recuse. ***See Kennedy***, 876 A.2d at 943*. Therefore, we conclude that the orders directing Father to order and pay for the transcripts, inclusive of exhibits, are separate from Father's underlying recusal claims. ***See Bogdan***, 257 A.3d at 755*. Accordingly, the order satisfies the first prong, and we proceed to the second part of the test.

"Under the second prong, in order to be considered too important to be denied review, the issue presented must involve rights deeply rooted in public

policy going beyond the particular litigation at hand." ***Bogdan***, 257 A.3d at 755 (citation omitted).  Further, this Court has explained that "[a]n issue is important if the interests that would potentially go unprotected without immediate appellate review of that issue are significant relative to the efficiency interests sought to be advanced by the final judgment rule." ***Id.*** (citation omitted).  Our Supreme Court has further stated that "the rights involved must implicate more than just the individual parties in the matter[.]" ***J.C.D. v. A.L.R.***, 303 A.3d 425, 431 (Pa. 2023) (citations omitted).

The trial court reached the following conclusion:

> The orders of October 31, 2024 and November [7], 2024 are not collateral orders that are appealable as of right.  At its core, rather than focusing on a public interest, [Father] seeks to vindicate a private [] financial interest.

Trial Ct. Op. at 7.

Here, we conclude that Father has failed to establish the second element of the collateral order doctrine.  We agree with the trial court that Father's instant appeal only implicates Father's private financial interest; therefore, we cannot conclude that Father has implicated a matter of public policy that goes beyond the instant litigation. ***See Bogdan***, 257 A.3d at 755.  Accordingly, because Father has not established that the orders from which he appeals are collateral orders, we are constrained to quash the instant appeal.

Appeal quashed.  Jurisdiction relinquished.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>4/16/2025</u>