J-A05027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SHANIA CURRY, INDIVIDUALLY, AND AS PARENT AND NATURAL GUARDIAN OF BRANDON RUCKER, JR., A MINOR AND LARRY RUCKER AS ADMINISTRATOR OF THE ESTATE OF BRANDON RUCKER, SR., DECEASED | : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| PARADOX LIMITED LIABILITY COMPANY D/B/A PARADOX LAB AND SIDIKHE NIANGHANE AND JOHN DOE 1 - EMPLOYEE OF PARADOX LIMITED LIABILITY COMPANY D/B/A PARADOX LAB. | : : : : : : : | |
| Appellants | : | No. 1698 EDA 2022 |

Appeal from the Order Entered April 18, 2022,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  210701998.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED FEBRUARY 10, 2023**

Paradox LLC and Sidikhe Nianghane appeal from the order denying their motion to stay this civil action until the conclusion of a criminal case against Mr. Nianghane.  Because the trial court never addressed the six-factor test for such motions, we vacate and remand for that court to apply the test.

According to the Complaint, on March 20, 2021, Shania Curry and Brandon Rucker, Sr. went to Paradox's clothing store in Philadelphia to buy a jacket.  While they were at the entrance speaking with an unknown employee of the store, the employee reached into his pocket, where he had a gun.  The

firearm discharged, striking the employee in his wrist. Mr. Nianghane, who also worked for Paradox, was "inside of Paradox's store, and did not witness [the other employee] shoot himself, intentionally fired [his] handgun at Mr. Rucker striking him in his chest." Complaint at 6. Mr. Rucker died; his minor son, Brandon Rucker, Jr., survived him.

Ms. Curry commenced this action on her own behalf and on behalf of Brandon Jr. Also, Larry Rucker sued as Administrator of Mr. Rucker's Estate.

Because the police arrested Mr. Nianghane, the defendants moved to stay this civil matter until the resolution of his criminal proceeding. The trial court denied the request without authoring an opinion. This timely appeal followed.

Upon docketing the appeal, this Court issued a rule to show cause upon Paradox and Mr. Nianghane; we questioned our appellate jurisdiction over the appealed-from order. Paradox and Mr. Nianghane submitted a reply, and this Court referred the jurisdictional issue to the merits panel.

This court lacks "jurisdiction over an unappealable order[; therefore,] it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order." **Kulp v. Hrivnak**, 765 A.2d 796, 798 (Pa. Super. 2000). "Jurisdiction is purely a question of law; the appellate standard of review is *de novo*, and the scope of review plenary." **Iron City Constr., Inc. v. Westmoreland Wooded Acres, Inc.**, ___ A.3d ___, 2023 WL 125820 at *___ (Pa. Super 5. 2023).

- 2 -

The order currently before us is interlocutory. As the trial court stated, there is usually no appeal from orders granting or denying stays. *See* Trial Court Opinion, 8/5/22, at 2 (citing **Washington v. FedEx Ground Package System, Inc.**, 995 A.2d 1271, 1275 (Pa. Super. 2010)); *see also Reynolds Metals Co. v. Berger*, 223 A.2d 855, 857 (Pa. 1966) (accord).

However, in **Keesee v. Dougherty**, 230 A.3d 1128, 1133 (Pa. Super. 2020), this Court recognized an exception to the general rule. We held that orders denying stays in civil actions are immediately appealable under Rule of Appellate Procedure 313(b),[1] provided defendants simultaneously face criminal charges relating to the underlying incident.

Such cases pit the defendants' constitutional right to remain silent in the criminal action against their right to present a complete defense in the civil action. *See id.* at 1133. These rights are fundamental to our system of justice. Therefore, they are too important to be denied immediate review, and defendants would irreparably lose them, if we did not exercise appellate jurisdiction over orders denying a stay pending an ongoing, related, criminal matter. *See id.* Hence, we have appellate jurisdiction over the appealed-from order.[2]

---

[1] A collateral order is one "separable from and collateral to the main cause of action, where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b).

[2] On June 6, 2022, Paradox and Mr. Nianghane petitioned for permission to appeal. Because we have appellate jurisdiction over the appealed-from order under Pa.R.A.P. 313(b), we dismiss that petition as moot.

Paradox and Mr. Nianghane raise one issue: "Whether the trial court erred or abused its discretion in denying [their] motion to stay . . . pending the resolution of a related criminal case against [Mr.] Nianghane where the six-factor balancing test . . . for determining whether to grant or deny a stay weighs heavily in favor of granting a stay?" Paradox's Brief at 4. Importantly, as they correctly observe, the trial court "did not address the merits of [their] stay request" either at the time of denial or in its Rule 1925(a) Opinion.[3] *Id.* at 7.

Despite this gap in the trial court's decision-making process, Paradox and Mr. Nianghane argue all six factors in their brief, as if we may make such findings *de novo* and in the absence of any analysis by the trial court. *See id.* at 13-22. We may not do that, however, because the granting or denying of stay does *not* present a pure question of law.

Whether "to grant or deny a motion to stay is within the sound discretion of the trial court, and we will review that decision for abuse of discretion." *Keesee*, 230 A.3d at 1133. "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused." *Id.*

---

[3] The plaintiffs did not file a brief in opposition.

Where, as here, the trial court has failed to consider, weigh, and opine on the six factors in **Keesee**, the appellate remedy is not reversal, as Paradox and Mr. Nianghane suggest. Instead, the remedy is to vacate and remand, so the trial court may apply the six-factor test in the first instance. Only then can this Court determine whether the trial court's analysis and application of the **Keesee** factors was "manifestly unreasonable." **Id.** at 1133.

"Consequently, we vacate the order denying [the] motion to stay and remand for further proceedings consistent with this [decision]." **Id.** at 1134.

On remand, the trial court shall consider the criminal complaint against Mr. Nianghane, "together with all additional facts and arguments offered by the parties, in addressing" the six factors discussed in **Keesee** and the cases cited therein. **Id.** The trial court shall author an opinion discussing (1) each of the six factors, (2) the degree of weight it gives to each factor, and (3) its reasoning for the weight given to each factor. The trial court may convene an evidentiary hearing to ascertain the veracity of the facts that Paradox and Mr. Nianghane contend necessitate a stay, if factual findings will aid it in ruling on the motion.[4]

Application for Permission to Appeal dismissed as moot. Order vacated. Case remanded with instructions. Oral argument scheduled for March 1, 2023, canceled.

Jurisdiction relinquished.

---

[4] Obviously, the trial court may grant or deny the request for a stay, based upon the facts found (if any) and its reasoning under the six-factor test.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2023