J-S09042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN TAYLOR | : | |
| | : | |
| Appellant | : | No. 1358 WDA 2022 |

Appeal from the PCRA Order Entered November 21, 2022
In the Court of Common Pleas of McKean County
Criminal Division at No(s):  CP-42-CR-0000486-2015

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED: JUNE 6, 2023**

Steven Taylor ("Taylor") appeals from the order denying his amended petition seeking relief from the registration requirements of Subchapter H ("Subchapter H") of the Sexual Offender Notification and Registration Act ("SORNA"), which the trial court entered after denying Taylor's request for a stay.[1]  We affirm.

The procedural history of this appeal is as follows.  In July 2015, police charged Taylor with aggravated indecent assault, among other offenses.

_____

[1] **See** 42 Pa.C.S.A. §§ 9799.10-9799.42.  Taylor and the trial court refer to Taylor's amended petition as a Post Conviction Relief Act ("PCRA") petition, and Taylor has captioned his appeal as an order denying PCRA relief.  **See** 42 Pa.C.S.A. §§ 9541-9546.  There are no exclusive mechanisms for challenging the constitutionality of SORNA, and our Supreme Court has held that the timeliness requirements of the PCRA do not apply to petitions challenging SORNA.  **Commonwealth v. Lacombe**, 234 A.3d 602, 617-18 (Pa. 2020).  Therefore, we will not refer to the amended petition as a PCRA petition.

Taylor, with the assistance of plea counsel, negotiated an agreement to enter a guilty plea to aggravated indecent assault, a "Tier-III" offense under Subchapter H,[2] with a sentencing recommendation of three and one-half years to eight years of imprisonment. The trial court accepted Taylor's guilty plea and ordered a sexual offender assessment. The trial court subsequently imposed the negotiated sentence and notified Taylor of his obligation to register for life pursuant of Subchapter H due to his conviction.[3]

In November 2021, Taylor filed a *pro se* petition "to be removed from SORNA" alleging that Subchapter H was unconstitutional. *Pro Se* Petition, 11/17/21.[4] The trial court, noting that plea counsel had not withdrawn his appearance, initially directed counsel to amend the petition. The trial court then held a conference at which it proposed staying proceedings on the petition until other courts resolved similar cases based on more developed records. *See* N.T., 4/1/22, at 9 (discussing *Commonwealth v. Asher*, 244

---

[2] *See* 42 Pa.C.S.A. § 9799.14(d)(7). Tier-III sexual offenders are subject to a lifetime registration requirement. *See* 42 Pa.C.S.A. § 9799.15(a)(3). Because Taylor committed his offense in July 2015, Subchapter H applied. *See* 42 Pa.C.S.A. §§ 9799.11(c); 9799.12 (defining the scope of Subchapter H as applying individuals who commit a sexually violent offense on or after December 20, 2012, and are convicted for the offense).

[3] The record contains no indication that the trial court found Taylor to be a sexually violent predator.

[4] We note that Taylor filed his *pro se* petition while incarcerated. There is no indication that Taylor has been released, but plea counsel represented that Taylor's maximum sentence would expire on July 22, 2023. *See* N.T., 11/15/22, at 11; *see also* 42 Pa.C.S.A. § 9799.15(c)(1)(i) (tolling registration periods during an individual's incarceration).

A.3d 27 (Pa. Super. 2020), among other cases). Plea counsel responded that a more proper procedure would be to hold a full evidentiary hearing on Taylor's claim. *See id*. at 11. The trial court directed plea counsel to amend the petition, and counsel complied. In the amended petition, Taylor claimed that his lifetime registration requirement violated the United States and Pennsylvania constitutions and that Subchapter H was punitive and violated due process by creating an irrebuttable presumption that he was likely to re-offend. Citing *Commonwealth v. Torsilieri*, 232 A.3d 567 (Pa. 2020), in which our Supreme Court vacated a court of common pleas' order finding Subchapter H unconstitutional and remanded for further development of the record, Taylor argued that the trial court could consider scientific evidence challenging the veracity of Subchapter H's irrebuttable presumption. *See* Amended Motion to be Removed from SORNA, 4/18/22, at 2 (unnumbered). However, Taylor attached no scientific studies to the amended petition. The Commonwealth requested dismissal of the amended petition because Taylor provided no scientific evidence to support his claims. *See* Commonwealth's Answer to Amended Motion to be Removed from SORNA, 5/3/22, at 9.

The trial court held a hearing in November 2022, at which plea counsel conceded that he did not have any experts or expert reports and that he did not intend to call witnesses. *See* N.T., 11/15/22, at 5, 10. Taylor, however, observed that on remand from the Supreme Court's decision in *Torsilieri*, the court of common pleas again found Subchapter H to be unconstitutional and that our Supreme Court had scheduled arguments in the Commonwealth's

appeal in that case. *See id*. at 6-9.[5] Taylor submitted to the court copies of the most recent court of common pleas' decision in *Torsilieri* and a docket in that case. *See id*. at 8-9. Taylor's argument consisted of a request for a stay pending the Supreme Court's decision in *Torsilieri*. *See id*. at 10-12. The trial court noted that it previously offered staying the proceedings, but neither party accepted its offer. *See id*. at 9-10. The court added that it found no authority to stay its ruling based on a possible change in the law. *See id*. at 13. On November 21, 2022, the court denied Taylor's amended petition due to Taylor's failure to carry his burden of demonstrating Subchapter H was unconstitutional. *See* Opinion and Order, 11/21/22, at 2-3. Taylor filed a notice of appeal, and both he and the trial court complied with Pa.R.A.P. 1925.

Taylor raises the following issue for our review:

1. Did the lower court err in concluding that it possessed no mechanism to defer ruling on the [Taylor's] [a]mended . . . [p]etition until appellate authority was issued?

2. Did the lower court err in failing to stay the proceedings once it learned that the Pennsylvania Supreme Court was accepting briefs in the *Torsilieri* case?

Taylor's Brief at 4.

Taylor's issues both challenge the trial court's decision not to stay or defer ruling on his amended petition pending our Supreme Court's decision in

---

[5] Our Supreme Court has oral arguments in *Torsilieri* scheduled for May 23, 2023. *See Commonwealth v. Torsilieri*, 97 MAP 2022.

***Torsilieri***.[6]  This Court reviews the denial for a stay for an abuse of discretion. ***See Keesee v. Dougherty***, 230 A.3d 1128, 1133 (Pa. Super. 2020).  To establish an abuse of discretion, an appellant must show more than a mere error of judgment; he must demonstrate that the trial court overrode or misapplied the law or that the judgment it exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill will.  ***See id***.

Taylor argues that he was entitled to a stay because requiring him to litigate an independent challenge to Subchapter H would be duplicative and an inefficient use of resources considering our Supreme Court's pending decision in ***Torsilieri***.  The trial court, as noted above, observed that it previously offered an option for a stay.  ***See*** N.T., 11/15/22, at 9-10. However, after the court proceeded to rule on Taylor's amended petition after he requested a full evidentiary hearing, he then arrived at the hearing with no evidence.  ***See id***. at 9-10, 13.

Following our review, we find no abuse of discretion in the trial court's decision to deny Taylor's request for a stay. Taylor insisted on a full evidentiary hearing, which required a Commonwealth response and the trial court's preparation, and then offered no evidence at the hearing.  Under these circumstances, the trial court acted well within its discretion in rejecting

---

[6] We acknowledge that claims challenging SORNA as an illegal sentence constitute non-waivable legality of sentencing claims that an appellate court may consider even when first raised on appeal.  ***See Commonwealth v. Thorne***, 276 A.3d 1192, 1197 (Pa. 2022).  On appeal, however, Taylor does not develop any legality of sentencing claims or assert that Subchapter H is punitive.

Taylor's new assertion that a stay would conserve resources. Furthermore, Taylor's arguments fail to show an abuse of discretion. **See Keesee**, 230 A.3d at 1133-34 (noting that factors relevant to granting a stay include: (1) a strong showing that the petitioner is likely to prevail on the merits; (2) a showing of an irreparable injury if the stay does not issue; (3) the stay will not substantially harm other interested parties in the proceedings; and (4) the issuance of a stay will not adversely affect the public interest). In addition to Taylor's failure to offer any evidence or argument that he was likely to prevail on the merits, we note the following: (1) a stay would not relieve Taylor of his registration requirements upon his release from prison; (2) any future decision by our Supreme Court in **Torsilieri** will be binding on the Pennsylvania State Police, the principal entity responsible for administering and enforcing SORNA requirements, **see** 42 Pa.C.S.A. § 9799.32; and (3) if necessary to enforce a future development in law concerning SORNA, Taylor may seek relief in the trial court,[7] with the Pennsylvania State Police,[8] or in the Commonwealth Court.[9]

---

[7] **See Lacombe**, 234 A.3d at 617-18 (holding that PCRA time requirements will not bar challenges to the constitutionality of SORNA).

[8] **See A.L. v. Pennsylvania State Police**, 274 A.3d 1228, 1231 (Pa. 2022) (discussing state police administrative hearings and the possibility of an appeal to the Commonwealth Court).

[9] **See J.B. v. Pennsylvania State Police**, 288 A.3d 946, 948 (Pa. Cmwlth. 2023) (discussing a SORNA-registrant's original action against the Pennsylvania State Police in the Commonwealth Court).

Thus, finding no merit to Taylor's issues in this appeal, we affirm the order of the trial court.[10]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2023

---

[10] Nothing in our decision precludes a trial court from granting a stay of a petition raising **_Torsilieri_** claims. We simply conclude that Taylor's arguments have not established an abuse of discretion by the trial court under the facts and circumstances of this case.