J-A12037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SHAWN WATSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CATHERINE L. BELLITTI WATSON | : | |
| | : | |
| | : | No. 1841 EDA 2022 |
| APPEAL OF: JAY BAUER | : | |

Appeal from the Order Entered June 8, 2022
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2021-18912

BEFORE:  OLSON, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED AUGUST 2, 2023**

Jay Bauer appeals from the order denying his petition to intervene in the divorce action Shawn Watson ("Shawn") commenced against Catherine L. Bellitti Watson ("Catherine") and requiring that he pay counsel fees. We quash his appeal of the order denying his petition to intervene and affirm the order requiring that Bauer pay counsel fees as a sanction.

In September 2021, Shawn filed a complaint in divorce against Catherine, and in December 2021, Bauer sought to intervene in the divorce action. He alleged he had "claims against the parties . . . and is owed in excess of $1,000,000 and determinations in th[e divorce] action could clearly affect his claims." Petition to Intervene, filed Dec. 10, 2021, at ¶ 6. He pointed out that the marital home had been listed for a sheriff's sale and claimed he would

be adversely affected by the sale.[1] *Id.* at ¶ 8. Bauer asserted that allowing him to intervene would safeguard his property interest, afford him due process of law, and serve the interest of judicial economy. *Id.* at ¶ 10. Bauer attached the notice of sheriff's sale to his petition to intervene, but no other documents.

Shawn filed an answer, wherein he alleged he and Bauer were involved in three separate lawsuits—a business dispute, with Shawn and Catherine as plaintiffs and Bauer as the defendant, where Bauer has counterclaims; a personal injury action Bauer filed against Shawn and Catherine; and a civil case in Berks County where Bauer joined Shawn as a party. Plaintiff's Answer to Petition of Jay Bauer to Intervene, filed Jan. 20, 2022, at ¶ 3. He noted Bauer had not received any verdicts, judgments, or settlements of the claims. *Id.*

The court held a hearing. Bauer did not have documentation related to the cases in which the parties were involved, was unsure of the docket numbers for the cases, and he had no case law to support his position. N.T., May 31, 2022, 5-14. At the hearing, Shawn's counsel requested fees, arguing the petition was not filed in good faith. *Id.* at 21. The trial court denied the petition to intervene but granted Shawn's request for counsel fees. Bauer appealed.

---

[1] Bauer also alleged that "[t]he Pottsgrove School District filed a Praecipe for Writ of Execution on or about June 22, 2021, in the Court of Common Pleas of Montgomery County at Docket No. 2017-15992." Petition to Intervene at ¶ 4.

Bauer raises the following issues:

> Question 1: Did the Trial Court err and/or abuse its discretion when it denied Bauer's Petition to Intervene for failure to present evidence to support his claim for intervention?
>
> Question 2: Did the Trial Court err and/or abuse its discretion when it denied Bauer's Petition to Intervene for failure to comply with Pennsylvania rules of civil procedure?
>
> Question 3: Did the Trial Court err and/or abuse its discretion when it imposed on Bauer counsel fees pursuant to 42 Pa. C.S.A. § 2503?

Bauer's Br. at 3-4 (suggested answers omitted).

Before addressing Bauer's claims, we must first determine whether we have jurisdiction. Bauer claims this Court has jurisdiction over the entire appeal because the order denying the petition to intervene and finding him in contempt was a final order. Bauer's Br. at 1-2. He is correct that the portion of the order requiring Bauer to pay counsel fees as a contempt sanction is a final, appealable order. *Rhoades v. Pryce*, 874 A.2d 148, 153 (Pa.Super. 2005) (*en banc*) (ordering imposing counsel fees as a sanction was a final and appealable order). However, the portion of the order denying his petition to intervene is not a final order. *Loftus v. Decker*, 289 A.3d 1093, 1097 (Pa.Super. 2023) (*en banc*).

That denial of the petition to intervene is not a final order does not end our inquiry. Rather, we must determine whether the order denying the petition to intervene is appealable as a collateral order. *Id.* To be a collateral order, it must be separable from and collateral to the main cause of action, involve a

right too important to be denied review, and present a claim that will be irreparably lost if review is postponed until final judgment. ***Id.***; ***accord*** Pa.R.A.P. 313. "[A]n order is separable from the main cause of action if it is entirely distinct from the underlying issue in the case and if it can be resolved without an analysis of the merits of the underlying dispute." ***Keesee v. Dougherty***, 230 A.3d 1128, 1132 (Pa.Super. 2020) (citation omitted). "[A] right is important if the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule." ***Id.*** (citation omitted). "[A] right sought to be asserted on appeal will be 'irreparably lost' if, as a practical matter, forcing the putative appellant to wait until final judgment before obtaining appellate review will deprive the appellant of a meaningful remedy." ***Id.*** (citation omitted).

Here, even assuming the first two prongs are met, the third is lacking. Any purported right will not be irreparably lost if review is postponed. Rather, Bauer may continue to pursue the underlying litigation against Shawn and Catherine and, if successful, execute the judgment. ***See, e.g., Luiziaga v. Psolka***, 637 A.2d 645, 647 (Pa.Super. 1994) (analyzing under prior law petition to intervene based on claim the intervener had lawsuit against wife and noting that the relief sought would not be precluded by the order, as petitioner could pursue tort action against wife and may attempt to file a separate action seeking injunctive relief, and further intervention was not required to protect her cause of action); ***see also Calabretta v. Guida Homes, Inc.***, 241 A.3d 436, 444 (Pa.Super. 2020) (order rejecting statute of

repose defense was not a collateral order because it will not be irreparably lost if review is postponed because the party will be able to raise the defense at trial); *Mortgage Elec. Registration Sys., Inc. v. Malehorn*, 16 A.3d 1138, 1143 (Pa.Super. 2011) (finding order denying petition to intervene not a collateral order where the property claim would not be irreparably lost because the plaintiff had also sought to protect her property rights by pursuing other litigation and had in fact fully litigated the claim elsewhere). We therefore will quash the appeal from the denial of the petition to intervene.

Because the order finding Bauer in contempt and ordering him to pay counsel fees is a final order, we will address the challenge to the imposition of counsel fees. Bauer argues that he was surprised at the hearing when counsel requested fees, as he had not been presented with a demand for fees. He further claims he did not act vexatiously. He asserts he received a notice of the sheriff's sale and acted to safeguard his interest. He argues the award of counsel fees was punishment for an unsuccessful legal action, and the record does not support the award. He further argues the amount of fees awarded was unreasonable, based on the limited nature of the responsive pleadings required to defend against the petition to intervene.

We review an award of counsel fees for an abuse of discretion and will find a "trial court has abused its discretion if it failed to follow proper legal principles or misapplied the law." *Moyer v. Leone*, 260 A.3d 245, 252 (Pa.Super. 2021) (citation omitted). A participant "shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter," where the

participant has been "awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter" or "awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith." 42 Pa.C.S.A. § 2503(7), (9).

Section 2503 "serves not to punish all those who initiate legal actions which are not ultimately successful or which may seek to develop novel theories in the law." **Moyer**, 260 A.3d at 252 (quoting **Thunberg v. Strause**, 682 A.2d 295, 300 (Pa. 1996)). "Rather, [section 2503] focuses attention on the conduct of the party from whom attorney's fees are sought and on the relative merits of that party's claims." **Id.** (quoting **Thunberg**, 682 A.2d at 300) (alteration in original) (emphasis omitted). "An opponent . . . can be deemed to have brought suit 'vexatiously' if he filed the suit without sufficient grounds in either law or in fact and if the suit served the sole purpose of causing annoyance." **Id.** at 255 (quoting **In re Estate of Burger**, 852 A.2d 385, 391 (Pa.Super. 2004)). "[A]n opponent can be charged with filing a lawsuit in 'bad faith' if he filed the suit for purposes of fraud, dishonesty, or corruption." **Id.** (citation omitted).

At the hearing, Shawn's counsel made a request for counsel feels and submitted an affidavit. N.T., May 31, 2022, at 21. She argued the petition to intervene was not in good faith. The trial court agreed. It concluded that Bauer filed a petition to intervene without following the requirements of the Pennsylvania Rules of Civil Procedure for filing the petition, as he did not

provide a copy of any pleading he anticipated filing or identify or adopt any named pleading, failed to file a pre-trial statement, and failed to present "any evidence, testimony, or legal basis to support the claim of a legal right to intervene in the instant divorce action." Order and Opinion, filed June 8, 2022, at 5-6. The court pointed out that Bauer "filed this petition claiming that he [wa]s owed 'in excess of $ 1,000,000' by [Shawn], knowing that, to date, the outcomes in his underlying civil actions against [Shawn], heard at arbitration hearings, have been unfavorable to him. Yet, [] Bauer failed to reveal those results in his Petition, his Memorandum, or at the hearing when asked by the Court."[2] *Id.* at 6. The court further noted that "Bauer admitted that, aside from the marital home, he ha[d] no personal knowledge of other marital assets of the Watsons, yet he still made the assertion that the divorce was a 'sham' being undertaken by the Watsons to hide assets from him and other potential creditors." *Id.*

The court further reasoned that "Bauer brought his unsupported claim of right to intervene in blatant disregard for the fact that he lacked information essential to establishing a legitimate claim of legally enforceable interest in those assets," and noted he "failed to make any measurable effort to meet his burden to prove his right to intervene in the Watsons' divorce action." *Id.* The court stated that Bauer "advanced this claim on mere conjecture, conceding

---

[2] The court noted that, according to Shawn's counsel, Bauer was appealing those adverse rulings and "the next trials/hearings are pending." Order and Opinion, at 6 n.2.

to the Court that other than his general assertions, he had no substantive evidence to support his claims." *Id.* The court found Bauer's "actions demonstrate a disregard for the distressing nature of the dissolution of a marriage by bringing such a claim of right to intervene in such a private matter." *Id.*

The court did not abuse its discretion in awarding counsel fees as a sanction, as Bauer filed a petition to intervene that was not based on law, without providing documentation to establish any right to intervene, and without following the Rules of Civil Procedure.[3]

On appeal, Bauer also challenges the amount of fees awarded. Because he did not raise this issue before the trial court, he has waived the claim. Furthermore, on appeal he does not include any citation to support his argument that the amount is unreasonable. Bauer thus doubly waived the claim on appeal. *See* Pa.R.A.P. 302(a) (providing that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal"); *J.J. DeLuca Co., Inc. v. Toll Naval Assoc.*, 56 A.3d 402, 412 (Pa.Super. 2012) (finding appellant waived argument where he failed to develop argument in his brief).

---

[3] Rule 2328 provides that a petitioner who files a petition to intervene must, among other things, attach "a copy of any pleading which the petitioner will file in the action if permitted to intervene or shall state in the petition that the petitioner adopts by reference in whole or in part certain named pleadings or parts of pleadings already filed in the action." Pa.R.C.P. 2328(a). Bauer failed to attach a pleading to his petition or to adopt by reference any pleading, and could give no explanation when questioned by the trial court.

Order affirmed.

Judge Nichols joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/02/2023