# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| City of Farrell | : | |
| | : | |
| v. | : | No. 1168 C.D. 2024 |
| | : | |
| Lawrence Owens and | : | |
| Stephen C. Owens | : | |
| | : | |
| Appeal of: Lawrence Owens | : | Submitted: December 8, 2025 |

BEFORE:  HONORABLE CHRISTINE FIZZANO CANNON, Judge
HONORABLE LORI A. DUMAS, Judge
HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                          FILED: January 16, 2026

Lawrence Owens appeals to this Court from an order of the Court of Common Pleas of Mercer County (trial court) denying Mr. Owens' request to stay a purported tax sale of a residential property by the City of Farrell (City). For the reasons that follow, we quash the appeal.

On October 23, 2020, the City filed a Motion for Preliminary Injunction and Permanent Injunctive Relief (Injunction Motion) in the trial court, against Mr. Owens.[1] Original Record (O.R.), Item No. 4. Therein, the City alleged that Mr. Owens was using a property he owned on Emerson Avenue, a residential street in the City, "in a manner constituting a public or common nuisance" and in violation

---

[1] The Injunction Motion also named Lawrence Owens' brother and co-owner Stephen as a defendant. Because Stephen Owens is not a participant in this appeal, however, we omit him from further discussion and refer to Lawrence Owens only.

of several City ordinances. *Id.* ¶ 1. The City thus asked the trial court to enjoin Mr. Owens or his associates from using his property "in a way constituting a commercial enterprise" or engaging in "conduct which disturbs the public peace," including the sale and distribution of "malt or brewed beverages, liquor, wine spirits, controlled substances or drug paraphernalia" or the use of loudspeakers such that music or voices can be heard out of them from beyond Mr. Owens' property line. *Id.* ¶ 7. After numerous filings and two evidentiary hearings,[2] the trial court granted the injunctive relief sought by the City in a February 1, 2021 order. *See* O.R., Item No. 28. Mr. Owens then filed an appeal to this Court, raising no appeal issue but making a belated request for a change of venue, which we quashed in a *per curiam* order. *See City of Farrell v. Lawrence Owens and Stephen C. Owens* (Pa. Cmwlth., No. 163 C.D. 2021, filed October 28, 2022) (unreported), slip op. at 4.

On July 31, 2024, Mr. Owens filed a document bearing the heading "Leave of Court" and the date of December 29, 2022, in the trial court. *See* O.R., Item No. 78. Therein, Mr. Owens named the City's council and the trial court itself as defendants and requested the stay of an unspecified "tax sale." *Id.* Accompanying the filing was a wide-ranging brief containing numerous citations to previous court cases—some outside this Commonwealth's jurisdiction—as well as recommendations for the United States Congress to formulate a system of compensation for persons whose rights under the United States Constitution have been violated. *Id.* at 2-9. Also attached to the document was a copy of the trial court's February 1, 2021 order. *Id.*, Appendix. The trial court denied the request in a one-page August 2, 2024 order, explaining briefly that Mr. Owens' filing did not address any appropriate basis for the trial court to grant the requested relief and the filing merely concerned his own

---

[2] *See* O.R., Item Nos. 92 and 94.

2

interpretations of law, which were "not germane to the present matter." O.R., Item No. 79.

Mr. Owens filed a notice of appeal in the trial court on August 30, 2024. O.R., Item No. 83. The notice did not identify or attach a copy of the order being appealed but explained that it was being filed pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 311(a)(4).[3] In response to a trial court order pursuant to Rule 1925(b),[4] Mr. Owens submitted a Concise Statement of Errors Complained of on Appeal on December 23, 2024, alleging 34 errors by the trial court. O.R., Item No. 87. In a 1925(a) opinion submitted to this Court, the trial court observes that the errors complained of fall into three categories. O.R., Item No. 91. The first consists of issues concerning the trial court's February 1, 2021 order, and should therefore have been raised in Mr. Owens' prior appeal to this Court; the trial court notes that the time to raise such issues has long since passed. *Id.* at 11-12. The second category consists of various claims under the United States Constitution on the ground that Mr. Owens was denied his "day in court"; the trial court notes that Mr. Owens was, in fact, granted a hearing on the merits of the case. *Id.* at 12-13. The third category concerns Mr. Owens' efforts to join the trial court itself as an indispensable party, which the trial court dismisses as frivolous. *Id.* at 13-14.

In the Statement of Jurisdiction section of his Brief to this Court, Mr. Owens maintains that we have jurisdiction over the August 2, 2024 order pursuant to Rule 311(a)(1) and Rule 311(a)(8). Rule 311(a)(1) provides that an appeal may be taken as of right from "an order refusing to open, vacate, or strike off a judgment," while

---

[3] Rule 311(a)(4) provides that an appeal may be taken as of right from orders concerning injunctions. Pa.R.A.P. 311(a)(4).

[4] Rule 1925(b) provides that a judge who desires clarification of the errors complained of on appeal "may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement" of such errors. Pa.R.A.P. 1925(b).

Rule 311(a)(8) provides that an appeal may be taken from an "order that is made final or appealable by statute or general rule[.]" Pa.R.A.P. 311(a)(1), (8). However, because the trial court's August 2, 2024 order was not a refusal to open, vacate, or strike off a previous judgment, and because Mr. Owens fails to identify a statute or general rule permitting him to file an appeal of that order as of right, he fails to establish this Court's jurisdiction over his appeal pursuant to either of those provisions. Lastly, we observe the established principle that an "order denying a motion to stay generally is considered interlocutory and not appealable unless it satisfies the collateral order doctrine." *Keesee v. Dougherty*, 230 A.3d 1128, 1132 (Pa. Super. 2020).[5] Since Mr. Owens fails to establish our jurisdiction over the matter on that basis or any other cognizable basis, we quash his appeal.

_____
MATTHEW S. WOLF, Judge

---

[5] Although not binding on this Court, opinions of our sister appellate court are valid persuasive authority for our analysis. *In re Superior-Pacific Fund, Inc.*, 693 A.2d 248, 253 (Pa. Cmwlth. 1997).

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Farrell                          :
                                         :
              v.                         :      No.  1168 C.D. 2024
                                         :
Lawrence Owens and                       :
Stephen C. Owens                         :
                                         :
Appeal of: Lawrence Owens                :


# **O R D E R**


AND NOW, this 16th day of January 2026, the appeal of Lawrence Owens from the order of the Court of Common Pleas of Mercer County in the above-captioned matter, dated August 2, 2024, is hereby QUASHED.


_____

MATTHEW S. WOLF, Judge